JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App. R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App. R. 11.1 (E).
In the accelerated appeal sub judice, plaintiff-appellant Jorgen Nielsen-Mayer appeals from the granting of summary judgment in favor of defendant-appellee Cuyahoga Metropolitan Housing Authority ("CMHA") on his tort claim of intentional infliction of emotional distress. For the reasons adduced below, we affirm.
The record reflects that appellant's complaints center around alleged abusive conduct directed at him by his supervisor (Mr. Ferraro) while employed at CMHA. This abuse, which happened between the period of September 1991 to June 1996, consisted of: episodes of verbal abuse laced with profanity; instances in which the supervisor allegedly pounded furniture during an episode of a verbal dressing down; throwing a pencil in the direction of the appellant during one outburst; using a baseball bat as a prop in one of the tirades by hitting the floor in front of the appellant and coming within eighteen inches of the appellant's person.
Two assignments of error are presented for review. These assignments will be addressed in reverse order.
 II THE TRIAL COURT IMPROPERLY APPLIED OHIO REVISED CODE SECTIONS 2744.01 ET SEQ. IN FINDING DEFENDANT-APPELLEE IMMUNE FROM PLAINTIFF-APPELLANT'S SUIT AS A MATTER OF LAW.
In this assignment, appellant argues that his intentional tort claim is not barred against the governmental authority pursuant to the exception to sovereign immunity for the political subdivision contained in R.C. 2744.09 (B). This appellate court has recently determined that intentional torts do not arise out of the employment relationship and that the sovereign immunity codified in R.C. 2744, et seq., applies to immunize the political subdivision from such intentional tort claims. See Ventura v. City of Independence (May 7, 1998), Cuyahoga App. No. 72526, unreported, 1998 WL 230429, at 6-8. We conclude that the trial court properly granted summary judgment in favor of CMHA on the basis of sovereign immunity barring the intentional tort claim of appellant.
The second assignment is overruled.
 I THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT TO DEFENDANT-APPELLEE BASED ON A FINDING BY THE TRIAL COURT THAT THE CONDUCT DESCRIBED BY PLAINTIFF-APPELLANT WAS NOT SUFFICIENTLY OUTRAGEOUS TO SUPPORT A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL HARM.
By virtue of the holding in the second assignment of error above, the resolution of this assignment is moot and need not be discussed. See App. R. 12 (A) (1) (c).
The first assignment is overruled as moot.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue Out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ANN DYKE, P.J., and LEO SPELLACY, J., CONCUR.
 ________________________ JAMES D. SWEENEY JUDGE