JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calender, pursuant to App.R. 11.1 and Loc.App.R. 11.1, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory opinion. Crawfordv. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
Defendant-appellant, Angel Arroyo, appeals from the trial court's imposition of a six month term of incarceration for his plea of guilty to a fifth degree felony. Arroyo raises two assignments of error for this court's consideration. For the reasons adduced below, the decision of the trial court is affirmed.
In October of 1999, Arroyo was charged with a three-count indictment for breaking and entering, theft, and vandalism. All counts were felonies of the fifth degree. In exchange for a guilty plea to the breaking and entering charge, the state agreed to nolle the other two counts. On January 3, 2000, the trial court accepted the prosecution's recommendation and Arroyo's guilty plea. The court found Arroyo guilty of breaking and entering and continued sentencing at defense counsel's request to allow for a pre-sentence investigative report and a TASC referral.
On February 17, 2000, the trial court sentenced Arroyo to a term of imprisonment for six months at the Lorain Correctional Institution, ordered him to pay court costs and restitution, and stated there could be three years of post-release control. During the sentencing hearing, the trial court made specific findings and gave specific reasons on the record as to why it was imposing a prison term. This appeal now follows.
Arroyo raises two assignments of error:
 I. THE TRIAL COURT ERRED IN IMPOSING A TERM OF IMPRISONMENT FOR A FELONY OF THE FIFTH DEGREE WITHOUT MAKING A FINDING AND GIVING ITS REASONS FOR IMPOSING THE SENTENCE SELECTED.
 II. THE TRIAL COURT ERRED IN IMPOSING A TERM OF IMPRISONMENT WITHOUT FINDING THAT ANY OF THE FACTORS ENUMERATED IN R.C. 2929.13(B)(1)(a) to (i) APPLIED RELATIVE TO APPELLANT.
Having a common basis in law and fact and being otherwise indistinguishable, the two assignments of error shall be considered jointly. Arroyo basically contends that the trial court improperly sentenced him to a term of imprisonment contrary to the sentencing criteria contained in R.C. 2929.13 and R.C. 2929.19. The criteria to be considered in sentencing an individual to a felony of the fifth degree, such as breaking and entering, are set forth in R.C.2929.13(B)(1). Counsel for Arroyo contends that none of the factors set forth in the statute as factors which make imprisonment appropriate are demonstrated in the record for this case.
In sentencing Arroyo for the charge of breaking and entering, the trial court imposed a six month prison term, the minimum sentence for a fifth degree felony, according to R.C.2929.14(A)(5). It is undisputed that Arroyo had never served a prison term before. Arroyo argues that this sentence is contrary to the sentencing guidelines established in Senate Bill 2, which became effective July 1, 1996. More specifically, Arroyo contends that the trial court erred in imposing any prison term because Senate Bill 2 mandates a community control sanction in this case. For the following reasons, we disagree with Arroyo's argument.
R.C. 2929.13(B)(1)(a) provides that in sentencing a defendant on a fifth degree felony, the trial court must determine whether any of the following factors apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony * * *.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
R.C. 2929.13(B)(2)(a) further provides that if the court finds at least one of the foregoing factors applicable, then the court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 and the principles of felony sentencing established in R.C. 2929.11. The court must then find that the offender is not amenable to community control sanctions. In the event that the court makes these required findings, the statute states that the court shall impose a prison term upon the defendant.
Furthermore, R.C. 2929.13(B)(2)(b) states the following, in pertinent part:
 [I]f the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.
Based upon the foregoing statutes, it is clear that trial courts are obligated to impose a prison sentence if certain combinations of factors are applicable. Similarly, if certain other combinations are found to exist, trial courts are obligated to impose a community control sanction or a combination thereof. However, the plain language of these sections "leave[s] an in-between area where neither prison nor community control sanctions are mandated." State v. Banks (Nov. 20, 1997), Cuyahoga App. 72121, unreported, citing Katz and Griffin, Ohio Felony Sentencing Law (1996-1997 Edition) 389, Section 6.13. In these cases, courts are "simply guided by the general principles of sentencing." Id. We are convinced that the case at bar falls into this in-between area.
Here, the trial court failed to find that any of the factors enumerated in R.C. 2929.13(B)(1)(a) through (h) were applicable. Thus, pursuant to R.C. 2929.13(B)(2)(a), the trial court was not mandated to sentence Arroyo to prison. However, although the court did not find that any of these factors existed, the court did make a finding that Arroyo was not adjusting to the rules of the court supervised release condition and that he was not amenable to community-controlled sanctions. The reasons given by the court were that Arroyo broke into the store at three in the morning while on acid and powder cocaine. Further, Arroyo had only been in the continental United States for four months before committing this crime. Lastly, Arroyo hid inside the store from the police and was caught carrying several social security cards. The trial court then opined that these factors were concerning and raised the danger of recidivism.
Hence, according to R.C. 2929.13(B)(2)(b), the court was not required to sentence appellant to a community control sanction. Nevertheless, just because the trial court was not obligated to impose a particular sentence does not mean that the court was precluded from sentencing Arroyo to a term of imprisonment as long as the sentence was in compliance with the general sentencing guidelines. Thus, we decline to accept Arroyo's argument that community control was mandated.
We conclude the record is sufficient under R.C. 2929.13(B)(2) to sustain the trial court's decision to sentence defendant to prison. Although the requisite findings under R.C. 2929.13(B)(1)(a) through (h) were inapplicable under the facts of this case, the trial court explained its reasons for sentencing defendant to a prison term by considering the factors set forth in R.C. 2929.12
before finding that a prison term was consistent with the purposes and principles of sentencing under R.C. 2929.11. Accordingly, defendant's assignments of error are overruled.
Considering the similarities of two recent cases on this exact issue, this court feels compelled to address these cases in this opinion and explain why we have reached a different conclusion here. This court's recent decisions in State v. Wilson (Aug. 24, 2000), Cuyahoga App. No. 77561, unreported, and State v. Flynn
(Nov. 4, 1999), Cuyahoga App. No. 75144, unreported, are readily distinguishable from the case at bar. In the aforementioned cases, the trial court failed to abide by the general sentencing guidelines. As the Wilson and Flynn courts correctly point out, a trial court may still impose a term of imprisonment even where none of the factors of R.C. 2929.13(B)(2)(b) exist if it makes findings consistent with the purposes and principles of sentencing under R.C. 2929.11.
In both Wilson and Flynn, the trial court failed to make any specific findings as to the seriousness and recidivism factors required by R.C. 2929.12. In Flynn, the trial court gave no reasons for its imposition of a prison term while the trial court in Wilson merely suggested that assault of an officer was something the court took very seriously. Accordingly, the imposition of a prison term was inappropriate in those cases. The facts of the present case are quite different.
Here, the trial judge gave very specific reasons why Arroyo was not amenable to community sanctions and deserved a prison sentence instead. The court's reasons have been discussed at length in our rationale above. Further, the court made a finding based on the evidence before it that there was a danger of recidivism. The trial court clearly met the requirements of R.C.2929.11 and R.C. 2929.12 in sentencing Arroyo to a term of imprisonment.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.