[This decision has been published in *Ohio Official Reports* at 90 Ohio St.3d 517.]

THE STATE EX REL. MOSLEY, APPELLEE, *v.* NICHOLS, SHERIFF, APPELLEE;

BRUMFIELD ET AL., APPELLANTS.

[Cite as *State ex rel. Mosley v. Nichols*, 2001-Ohio-8.]

*Habeas corpus sought to compel relator's release from Ross County Jail—Court of appeals' grant of writ reversed and cause remanded for judgment consistent with Woods v. Telb.*

(No. 00-1380—Submitted November 29, 2000—Decided January 3, 2001.)

APPEAL from the Court of Appeals for Ross County, No. 00CA2542.

_____

*Per Curiam.*

{¶ 1} In May 1998, after convicting appellee, Darren W. Mosley, of domestic violence, the Ross County Court of Common Pleas held a sentencing hearing at which it advised Mosley that postrelease control might be imposed following his release from prison and that if it were imposed and he violated a postrelease-control condition, he could be subjected to an additional prison term. See R.C. 2929.19(B)(3)(d) and (e). The common pleas court sentenced Mosley to a prison term of twelve months for his domestic-violence conviction.

{¶ 2} In May 1999, Mosley was released from prison and placed on postrelease control. As Mosley agreed, one of his postrelease-control conditions was that he would not purchase, possess, or use any illegal drug. After Mosley tested positive for cocaine on numerous occasions, appellant Ohio Adult Parole Authority ("APA") found Mosley guilty of violating his postrelease control and ordered him to serve sixty days in local confinement. The APA, through its officer, appellant Monica Brumfield, issued an order requesting that appellee Ross County Sheriff Ronald Nichols hold Mosley in his custody until released by the APA.

{¶ 3} In March 2000, Mosley filed a petition in the Court of Appeals for Ross County for a writ of habeas corpus to compel Sheriff Nichols to release him from the Ross County Jail. Mosley claimed that the postrelease-control provisions of R.C. 2967.28 were unconstitutional because they violated the doctrine of separation of powers and deprived him of due process of law.

{¶ 4} In July 2000, the court of appeals granted the writ and ordered that Mosley be released from custody.

{¶ 5} This cause is now before the court upon an appeal as of right.

{¶ 6} As appellants correctly assert, the court of appeals erred in holding that the postrelease-control provisions of R.C. 2967.28 are unconstitutional. "R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions." *Woods v. Telb* (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103, paragraph one of the syllabus.[1] Based on *Woods*, we reverse the judgment of the court of appeals and remand the cause for a judgment consistent with *Woods*. See *Price v. Henry* (2000), 89 Ohio St.3d 521, 733 N.E.2d 1116; *State v. Jones* (2000), 89 Ohio St.3d 519, 733 N.E.2d 1115.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Betty D. Montgomery*, Attorney General, and *M. Scott Criss*, Assistant Attorney General, for appellants.

———————————

1. We decided *Woods* shortly after the court of appeals granted the writ in this case.