ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
Appellant, the State of Ohio, appeals from the trial court's dismissal of the indictment issued against defendant-appellee Kimberly Norton. Appellee was charged with violation of R.C. 2921.34, Escape, for failure to comply with R.C. 2967.28 post-release control sanctions.
Basing its order of dismissal upon Woods v. Telb (June 23, 1999), Lucas App. No. L-99-1083, unreported and State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, the trial court determined R.C.2967.28 unconstitutional and, thus, appellee's indictment improper.
Both of the opinions relied upon by the trial court, however, have been reversed by the Ohio Supreme Court in Woods v. Telb (2000),89 Ohio St.3d 504 and State v. Jones (2000), 89 Ohio St.3d 519 . See, also, State ex rel. Mosley v. Nichols (2001), 90 Ohio St.3d 517 . Moreover, the supreme court specifically reinstated a conviction for escape based upon the defendant's failure to comply with post-release control sanctions. State v. Duncan (2000), 89 Ohio St.3d 522.
Since, therefore, the trial court improperly dismissed appellee's indictment, the state's assignment of error is sustained. See, also, State v. Mitchell (Nov. 30, 2000), Cuyahoga App. Nos. 77679 and 77928, unreported; State v. Buckney (Dec. 15, 2000), Champaign App. No. 2000-CA-9, unreported; State v. Jeter (Sept. 13, 2000), Lorain App. No. 99CA007505, unreported; and State v. Holder (June 12, 2000), Warren App. No. CA99-09-117, unreported.
Accordingly, the trial court's order is reversed and this case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and COLLEEN C. COONEY, J. CONCUR