ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
In this accelerated appeal, plaintiff-appellant State of Ohio appeals from the dismissal of the indictment against defendant-appellee Ronald Walls for Escape (R.C. 2921.34). The indictment was premised upon appellee violating the terms of his post-release control sanctions. The trial court's dismissal was based upon this Court's holding in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, 1999 WL 684635, wherein we found Ohio's post-release control statute, R.C. 2967.28, unconstitutional because it violates the separation of powers doctrine and the due process clauses of the United States and Ohio Constitutions. For the reasons adduced below, we reverse and remand.
The lone assignment of error presented states the following:
 R.C. 2967.28 DOES NOT VIOLATE THE SEPARATION OF POSERS (SIC) DOCTRINE OR THE DUE PROCESS CLAUSES OF THE UNITED STATES OR OHIO CONSTITUTIONS.
In State v. Jones (2000), 89 Ohio St.3d 519, the Supreme Court of Ohio, relying on Woods v. Telb (2000), 89 Ohio St.3d 504, reversed and remanded our holding in Cuyahoga App. No. 74247, declaring via Woods v. Telb, supra, that post-release controls pursuant to R.C. 2967.28 do not violate the separation of powers doctrine or due process. Accordingly, the assignment is affirmed and the indictment reinstated.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
MICHAEL J. CORRIGAN, J., and COLLEEN CONWAY COONEY, J., CONCUR.