JOURNAL ENTRY AND OPINION
Plaintiffs-appellants Kimberly and Arthur Bates appeal in this accelerated appeal from an order of the trial court granting summary judgment in favor of defendant-appellee Associated Estates Realty Corp. in this personal injury slip and fall action. We affirm.
This appeal is accelerated because the issue is simple and the briefs short. For cases on the accelerated docket, Rule 11.1 of both the Appellate and Local Appellate Rules permit this court to draw its conclusions and state its reasons briefly, rather than provide a comprehensive analysis. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
The Bateses filed their personal injury and loss of consortium complaint in the trial court on September 17, 1999. The claim arose from Kimberly Bates' fall on a walkway leading from the parking lot to the Euclid Medical Plaza building. Kimberly Bates was accompanied by two children and entered the Plaza without incident. As the trio was leaving, Bates was distracted by the children and fell on an imperfection in the expansion joint between concrete slabs of pavement.
On April 28, 2000, following discovery, Associated Estates filed a motion for summary judgment. The motion was supported, inter alia, by deposition testimony of Kimberly Bates and a photograph of the pavement in the area where she fell. Bates had traversed the walkway on numerous occasions in the past seven years before the incident. She walked on the same walkway six to eight times during the year before her fall, the last time was only one to two months earlier. She circled a minor defect in the pavement on a photograph of the area where she fell upon leaving the premises. The circled area reveals two concrete slabs which do not meet in a level plane.
Following two extensions of time, the Bateses filed a brief in opposition to summary judgment. The brief in opposition was supported by testimony from a former manager of the property. The manager stated he was aware of the condition of the concrete slabs on the walkway. Measurements revealed that there was as much as a two to three inch difference in height at the seam between the concrete slabs where Bates testified that she fell. The property manager knew of no prior falls in this area. On July 27, 2000, the trial court granted Associated Estates' motion for summary judgment.
The Bateses timely filed this accelerated appeal. Their brief on appeal does not contain an assignment of error as required by App.R. 16(A)(3). The brief essentially argues, however, that the trial court improperly granted summary judgment against them because the defect in the pavement was not open and obvious or known by her. Associated Estates responds by arguing that the defect was both open and obvious and so minor that it was not unreasonably dangerous.
This court has issued numerous opinions summarizing the law governing summary judgment on claims by pedestrians who fall on minor defects in pavement and will not repeat them in this accelerated case. Kimberly Bates admitted she knew the general condition of the pavement, had traversed the area where she fell many times previously, and was taking her usual route when she fell. The evidence indicates that the defect in the pavement was sufficiently open and obvious to warrant summary judgment against her. E.g., Sheppard v. Kap Realty, dba Euclid Green Plaza (Aug. 12, 1999), Cuyahoga App. No. 75860, unreported.
Moreover, the photographs and testimony reveal that the defect in the pavement in the case at bar was minor and, therefore, not unreasonably dangerous. See e.g., Hope v. Kaufmann's etc. (May 27, 1999), Cuyahoga App. No. 74163, unreported; and Seifert v. Great Northern Shopping Center (Nov. 5, 1998), Cuyahoga App. No. 74439, unreported. The space between the slabs of pavement in the case at bar was at most two to three inches, whereas the variation was four inches in Seifert, supra. Unlike the plaintiffs in these other cases, Kimberly Bates was taking her usual route, which she had traversed without incident many times previously. Under the circumstances, the Bateses have failed to show that the trial court erred by granting judgment to defendant.
Accordingly, the argument in their brief on appeal is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________ KARPINSKI, A.J.:
KENNETH A. ROCCO, J., CONCURS; JAMES J. SWEENEY, J., DISSENTS (See Dissenting Opinion).