JOURNAL ENTRY AND OPINION
Defendant-appellant Adriane P. Clayton (Clayton; d.o.b. January 30, 1972) appeals on the accelerated docket from her sentence which was imposed by the trial court subsequent to her guilty plea to five (5) counts of sexual battery.[1] For the reasons adduced below, we vacate the sentence in its entirety, and reverse and remand for re-sentencing.
A review of the record on appeal indicates that Clayton, a public middle school teacher in Maple Heights, Ohio, had a sexual relationship with a thirteen-year-old male student at her school. This affair began and flourished in the first few months of 2000 when Clayton, a married woman[2] who lived in Youngstown, Ohio, and commuted to Maple Heights for the work week, stayed overnight a number of times at the victim's Maple Heights home with the consent of the victim's mother.
The affair came to the attention of the police when Clayton's automobile was stopped on March 4, 2000, for driving erratically. The police found the young male paramour driving the car and Clayton in the front passenger seat. While booking this traffic offense the police found a series of letters in Clayton's possessions. The content of these letters suggested a sexual relationship between the boy and Clayton. Thereafter, Clayton was charged in the Garfield Heights Municipal Court with five (5) violations of R.C. 2907.03(A)(8) [sexual battery involving a minor victim and an offender teacher] and one violation of R.C. 4507.33
[wrongful entrustment]. On March 22, 2000, the Grand Jury returned a true bill indictment against Clayton for ten (10) counts of sexual battery in violation of R.C. 2907.03(A)(8), a third-degree felony. See R.C.2907.03(B).[3]
Clayton was arraigned on April 4, 2000, and entered a plea of not guilty.
Subsequent to discovery and a number of pre-trial conferences, Clayton, on Thursday, August 17, 2000, withdrew her plea of not guilty and entered a plea of guilty to counts 1 through 5, inclusive, each a third-degree felony.[4] The matter was referred to the probation department for the preparation of a pre-sentence investigation report, and sentencing was scheduled for Monday, October 23, 2000.
On November 3, 2000, Clayton filed a sentencing memorandum with the court. Attached to this memorandum are twenty-four exhibits consisting of several letters between Clayton and the victim, and letters from Clayton's relatives, friends, employers, religious leaders, and supporters expressing positive opinions of Clayton and generally requesting leniency at sentencing.
On the morning of Monday, November 6, 2000, the trial court conducted the sentencing hearing.[5] A copy of the transcript from that hearing is in the record. The trial court heard argument from both counsel and Clayton. The victim and his mother did not appear at the sentencing. However, the trial court did read into the record a letter from the victim's mother which had been addressed to the court. At the close of this hearing, and after having reviewed the pre-sentence investigation report and Clayton's sentencing memorandum, the trial court announced its sentence in open court: (1) three years on count 1 and two years on count 2, consecutive; (2) four years each on counts 3, 4, and 5, consecutive, and suspended; (3) the sentences on counts 1-2 and 3-5 to run concurrent; (4) five years of conditional probation following Clayton's release from prison; and, (5) five hundred hours of community service for five years following Clayton's release from prison.
In its sentencing order filed on November 15, 2000, the trial court stated the following:
Defendant in court w/counsel Jimmy Mack.
 On a former day of court deft plead guilty to sexual battery ORC 2907.03 F-3 (SB2) as charged in cts 1 thru 5. Deft pros address court. Court considered all of the required factors of the law.
 Court finds that prison is consistent with the purpose of RC 2929.11. Sentence punishes offender/protects public from future crime by the offender. Sentence commensurate w/not demeaning to seriousness of offender's conduct/its impact on victim/consistent w/sentence for similar crimes/offenders.
 Factors weighed in determining sentence (2929.12B); 1. Injury exacerbated by physical/mental condition/age of victim; 2. Victim suffered serious psychological harm; 3. Offender held public position of trust/offense related to office or position; 4. Occupation obliged offender to prevent offense; 5. Reputation, occupation or office used to facilitate offense; 6. Relationship w/victim facilitated offense, w/regard to prison term, shortest term is not imposed because offender has not been sentenced to prison before unless it demeans seriousness of offense/does not adequately protect public w/regard to consecutive prison terms (2929.14E3). The harm was so great/unusual that single term does not adequately reflect seriousness of conduct. Written reasons for imposing consecutive terms (2929.19B2C), offender was a teacher who used her position to commit offense. As a result, the teacher/student relationship in the Maple Hts. School District is tainted/polluted. In addition, the victim is subject to humiliation/ridicule on a constant basis because of stigma the offense has placed upon him. Court imposes a prison term at Ohio reformatory for women of 3 yrs as to ct 1 2 yrs as to ct 2; cts to run consecutive to each other. Defendant to receive credit for time served, sheriff to calculate.
 As to cts 3 thru 5, court finds that a community control sanction will adequately protect public will not demean seriousness of offense. It is therefore ordered deft is sentenced to 5 yrs community control (sanctions to begin after 5 yr prison term), under supervision of adult probation department w/following conditions: deft to maintain therapy; will never teach again; be supervised by intensive special probation; perform 500 hours/year/5 yrs of court community work service at food bank/animal shelter. Deft to stay away from children.
 Violation of terms conditions may result in more restrictive sanctions, prison term of 12 yrs or extensions as provided by law. Defendant to pay court costs supervision fee; fines suspended. Sheriff to transport. * * *
In this appeal appellant presents three assignments of error for review.
The first assignment of error provides:
 I THE TRIAL COURT SUBJECTED DEFENDANT-APPELLANT TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT SENTENCED HER TO FIVE (5) YEARS
 INCARCERATION AT MARYSVILLE CORRECTIONAL FACILITY AND AN ADDITIONAL SIXTEEN (16) YEARS UNDER CONDITIONS OF PROBATION WHEN SHE IS RELEASED FROM MARYSVILLE WITH AN ADDITIONAL FIVE HUNDRED (500) HOURS OF COMMUNITY WORK PER YEAR FOR THE MAXIMUM FIVE YEARS OF PROBATION AFTER HER RELEASE FROM MARYSVILLE.
In this assignment, Clayton argues that the trial court did not consider the factors contained in R.C. 2929.12 and 2929.14(E)(3) and (4) in imposing consecutive sentences. Before discussing the merits of this assignment it must be noted that R.C. 2929.14(E)(3) is irrelevant to the appeal herein because that section, by its express terms, applies only to the imposition of consecutive sentences involving convictions for aggravated robbery (R.C. 2911.01) or the use of a motor vehicle to flee from a police officer's signal to stop (R.C. 2921.331[B]).
When confronted with a situation where a non-mandatory term of incarceration is not in issue, R.C. 2929.12 mandates that the trial court, as part of its discretionary function in sentencing, consider the seriousness of the offense(s) and the risk of recidivism posed by the offender when imposing felony sentencing pursuant to purposes of R.C.2929.11.
R.C. 2929.12, which provides a non-exhaustive list of factors to be considered when imposing a felony sentence, provides:
 (A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 (3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 (6) The offender's relationship with the victim facilitated the offense.
 (7) The offender committed the offense for hire or as a part of an organized criminal activity.
 (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 (9) If the offense is a violation of section 2919.25
or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
 (D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 (1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
 (5) The offender shows no genuine remorse for the offense.
 (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 (4) The offense was committed under circumstances not likely to recur.
 (5) The offender shows genuine remorse for the offense.
When imposing consecutive sentences, this court recently iterated:
Before imposing consecutive sentences, R.C. 2929.14(E) (4) requires four findings:
 1) That consecutive sentences are necessary to protect the public from future crime or to punish the offender;
 2) that the sentences are not disproportionate to the seriousness of the offender's conduct;
 3) that the sentences are not disproportionate to the danger the offender poses to the public; and
4) either
 a) that the offenses were committed while the offender was awaiting trial or sentencing, or was otherwise under sanctions imposed, for a prior offense;
 b) that the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or
 c) that the offender's criminal history shows a need to protect the public from future acts by the offender.
The judge also is required to give reasons for these findings at the sentencing hearing. R.C. 2929.19(B)(2)(c). State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609, unreported, 2001 Ohio App. LEXIS 768 at 26. Also see State v. Smith (Cuyahoga, 2000), 139 Ohio App.3d 398,406-407.
With regard to the consecutive sentence imposed for counts 1 and 2, we note that the trial court's sentencing journal entry complied with R.C.2929.19(B)(2)(c) when, in giving its reasons for the imposed sentence, it found the factors identified in R.C. 2929.12(B)(1)-(6) and additional findings 1, 2, 3, and 4(b) pursuant to R.C. 2929.14(E)(4). However, as detailed in the third assignment of error below, infra, deficiencies at the sentencing hearing concerning the statement of R.C. 2929.19(B)(2)(c) findings require that the consecutive sentences for counts 1 and 2 be reversed and vacated, and remanded for re-sentencing. Accordingly, this assignment of error is affirmed with regard to the consecutive sentence imposed in counts 1 and 2.
With regard to the consecutive sentence imposed in counts 3 through 5, we note that the sentence is void as a matter of law because the trial court failed to impose in its sentencing journal entry a definite prison term for counts 3 through 5, as required by R.C. 2929.14(A)(3). Accordingly, the sentence for counts 3 through 5 is vacated and reversed for re-sentencing.
Appellant also argues in this assignment that the entire sentence was not consistent with sentencings for the same crimes in other jurisdictions, * * *. Appellant's brief at 6. Appellant, in support of this general assertion, neglects to present one citation of authority demonstrating this claimed error. This failure to present authority for appellant's argument violates appellate briefing requirements with regard to separately arguing the contentions of the appellant in a proper manner with citations to authority. See App.R. 16(A)(7). The defectively presented argument is overruled. See App.R. 12(A)(1)(b); North Coast Cookies, Inc. v. Sweet Temptations, Inc. (Cuyahoga, 1984),16 Ohio App.3d 342, 344 (a parties' failure to properly argue their assignment prevents the appellate court from considering the assigned error).
The first assignment of error is overruled.
The second assignment of error provides:
 II THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED FIVE (5) YEARS INCARCERATION AT MARYSVILLE CORRECTIONAL FACILITY UPON DEFENDANT-APPELLANT AND AN ADDITIONAL SIXTEEN (16) YEARS UNDER CONDITIONS OF PROBATION WHEN SHE IS RELEASED FROM MARYSVILLE WITH AN ADDITIONAL FIVE HUNDRED (500) HOURS OF COMMUNITY WORK PER YEAR FOR THE MAXIMUM FIVE YEARS OF PROBATION AFTER HER RELEASE FROM MARYSVILLE.
In this assignment, appellant argues that the trial court's purported maximum sentence is unsupportable because the trial court's findings do not detail reasons for deviating from the minimum term of incarceration. Appellant relies upon R.C. 2929.14(C) and State v. Edmonson (1999),86 Ohio St.3d 324, for this proposition. Appellant's citation is entirely misplaced because the trial court did not impose the maximum term of incarceration, to-wit five years incarceration, for any of the five counts under review.
This court recognizes that a trial court, when imposing a felony sentence on a first-time offender, should impose the minimum term of incarceration except where the trial court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). In the present case, the trial court made such a finding on the record. Accordingly, the trial court properly deviated from the imposition of the minimum term of incarceration.
Appellant also argues that the trial court abused its discretion in allegedly delaying the sentencing hearing and imposing an improper sentence based on political motives and a desire for media publicity. The record on appeal does not support these speculative assertions and this argument is overruled.
The second assignment of error is overruled.
The third, and final, assignment of error provides:
 III THE DEFENDANT-APPELLANT'S CONSECUTIVE SENTENCES WERE IMPOSED CONTRARY TO LAW AND ARE NOT SUPPORTED BY THE RECORD AND MUST THEREFORE BE VACATED.
In this assignment, appellant argues that the trial court failed to state its findings, and its reasons supporting its findings, in open court at the sentencing hearing pursuant to R.C. 2929.19(B)(2)(c) and (C), and R.C. 2929.14(E)(4), which would justify the imposition of a consecutive sentence. Appellant concedes that in its sentencing journal entry, the trial court made the required R.C. 2929.14(E)(4) findings, specifically findings 1, 2, 3, and 4(b) detailed previously in this opinion, supported by its reasons for those findings (the fact that she was a teacher who used her position of trust to facilitate the offenses; the relationship tainted the student/teacher relationship in the school district; the victim was the subject of ridicule and harassment).
The sentencing hearing transcript reflects that the trial court mentioned the reasons it later stated in its journal entry. See generally Tr. 9-11, 21-29. However, the sentencing transcript lacks any mention of the required R.C. 2929.14(E)(4) findings; findings which are required to be stated in open court at the offender's sentencing pursuant to R.C.2929.19(B)(2)(c). Accordingly, the sentences for counts 1 and 2, and 3 through 5, are reversed and vacated in their entirety, and the matter remanded for re-sentencing in conformity with this opinion.
The third assignment of error is well taken.
Judgment reversed and remanded for re-sentencing.
This cause is reversed and remanded for re-sentencing.
It is, therefore, considered that said appellant recover of said appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DIANE KARPINSKI, A.J., and ANNE L. KILBANE, J., CONCUR.
[1] An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
[2] Clayton had separated from her husband in 1999.
[3] For the third-degree felony offense(s) at issue herein, the trial court was required to impose a definite term of 1, 2, 3, 4 or 5 years imprisonment. See R.C. 2929.14(A)(3).
[4] Trial was scheduled to commence on the morning of Monday, August 21, 2000.
[5] The Court's Journal does not indicate a continuance of the sentencing hearing to this date.