JOURNAL ENTRY AND OPINION
Defendant-appellant Marc A. Feldman, pro se (d.o.b. October 7, 1959), appeals on the accelerated docket from his bench trial conviction for the traffic offense of running a red light in violation of Village of Highland Hills Codified Ordinance 313.01. For the reasons adduced below, we affirm.[1]
The record on appeal indicates that appellant represented himself pro se before the trial court. At the trial the arresting officer, Village of Highland Hills Police Patrolman Ferrell Ridgeway, and the appellant testified.
Patrolman Ridgeway stated that he was on uniformed patrol in a parked patrol car in the vicinity of the intersection of Chagrin and Belvoir Boulevards in the Village of Highland Hills on December 10, 2001, at approximately 4:00 p.m. The patrolman further testified that he was monitoring that intersection for traffic violators when he observed the traffic light in the intersection turn red for the eastbound lane of Chagrin Boulevard. He further observed at that same moment the appellant's vehicle, a red 1996 Toyota sedan, begin to cross the white traffic bar and go into the intersection. Tr. 4. The patrolman, with the aid of a diagram, indicated that appellant's vehicle was on the white painted stop bar when the light changed to red. Tr. 6, 8. Appellant's vehicle continued on through the intersection where it was stopped by the patrolman and appellant was issued the traffic citation.[2]
Appellant offered a slightly different version of events. While he took no issue with being placed at the scene, appellant claimed in his colloquy to the court that he entered the intersection while the traffic light was yellow and that it turned red as he approached the center of the intersection. Tr. 9-13. On cross-examination by the Village, appellant could not recall how fast he was traveling, estimating that he was traveling the speed limit for the area which was 35 m.p.h. Appellant estimated that the yellow light stays lit for approximately 2.5 seconds and that the yellow light was lit for approximately 1.5 seconds at the time he entered the intersection. Tr. 14-15. When questioned by the court, appellant stated that the traffic light was at the far eastern edge of the intersection.
Based on the patrolman's testimony and the position of the traffic light, the court believed that appellant had entered the intersection when the light was red. Tr. 16.
The court found appellant guilty of the traffic offense and fined appellant the sum of $50 plus court costs.
Appellant presents three assignments urging reversal of his conviction.
The first assignment argues that there was insufficient evidence to support the conviction. In particular, appellant argues in succinct and cursory manner supporting this assignment that, No evidence was presented that the light had turned red before appellant began to enter the intersection. Appellant's brief at 3.
The standard of review for an assignment claiming insufficient evidence in a criminal case was recently stated in State v. Lamar,95 Ohio St.3d 181, 197, 2002-Ohio-2128, 767 N.E.2d 166, as follows:
 When reviewing the sufficiency of evidence to support a criminal conviction, `the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; see, also, Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. When conducting this review, we do not weigh the evidence; our inquiry is limited to whether reasonable minds could reach the conclusion reached by the trier of fact. See Tibbetts, 92 Ohio St.3d at 162, 749 N.E.2d 226. Issues concerning the weight given to the evidence and the credibility of witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 39 Ohio Op.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. See, also, State v. Tibbetts, 92 Ohio St.3d 146, 156, 2001-Ohio-132, 749 N.E.2d 226.
Applying this standard of review, and based on the patrolman's testimony that appellant's vehicle was on the painted white stop line at the time the light turned red, reasonable minds could have reached the determination that the light was red when appellant's vehicle entered the intersection. Thus, there was sufficient evidence to support the conviction herein after reviewing the evidence in a light most strongly in favor of the prosecution.
The first assignment of error is overruled.
The second assignment provides that the manifest weight of the evidence does not support the conviction. In particular, appellant very briefly argues that the weight of the evidence fails to demonstrate that the traffic light was red when appellant's vehicle entered the intersection.
In assessing the manifest weight of the evidence, we must review the entire record and determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and caused such a manifest miscarriage of justice that a new trial must be ordered. State v. Gray, Cuyahoga App. No. 80391, 2002-Ohio-3419, at ¶ 20, citing State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-526, 78 N.E.2d 541.
Reviewing the entire record, we do not conclude that the trial court clearly lost its way or created a manifest miscarriage of justice when it determined that the traffic light was red at the time appellant's vehicle entered the intersection.
The second assignment of error is overruled.
The third assignment generally asserts a manifest weight of the evidence argument by arguing that the court's statement to the appellant after announcing the verdict, that, Moreover, following your logic, every time you see it turn yellow, you should just jam on the accelerator as hard as you can., Tr. 16, demonstrates that the court believed that appellant did not run the red light. See appellant's brief at 4. The court's statement immediately preceding this statement, in which the court plainly stated that Given the officer's testimony, the position of the light, I think he entered on the red and I'm going to find you guilty, and costs., Tr. 16, dispels appellant's belief that the court understood that appellant entered the intersection while the traffic light was yellow. The statement relied upon by appellant, when read in proper context with the remaining evidence, reflects the court's concern over appellant's attempt to ignore the realities of safe vehicular practices by not properly stopping his vehicle in a prudent manner at intersections where the light is yellow when one approaches the intersection.
The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
[1] An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1(E).
[2] Village of Highland Hills Codified Ordinance 313.01 provides in pertinent part the following: No pedestrian or driver of a vehicle shall disobey the instructions of any traffic control device placed in accordance with the provisions of this Traffic Code, unless at the time otherwise directed by a police officer. Village of Highland Hills Codified Ordinance 313.02(b)(1) states, in part, that a steady circular yellow signal warns vehicular traffic that a red indication will be exhibited immediately thereafter when vehicular traffic shall not enter the intersection. Village of Highland Hills Codified Ordinance 313.02(c)(1) states, in part, that vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line * * *.