CRAWFORD ET AL., APPELLANTS, *v.* EASTLAND SHOPPING MALL ASSOCIATION ET AL., APPELLEES.

(No. 83AP-233—Decided September 29, 1983.)

*Welch, Danner, Innis & Barker Co., L.P.A.,* and *Mr. Richard L. Innis,* for appellants.

*Messrs. Earl & Warburton, Mr. Ted L. Earl* and *Mr. Thomas L. Davis,* for appellees.

*Messrs. Lane, Alton & Horst* and *Mr. Thomas A. Dillon,* for appellee Kellermeyer Cleaning Services.

ON MOTION FOR RECONSIDERATION

MOYER, J. Defendants-appellees have filed an application for reconsideration of our memorandum decision and entry of July 28, 1983, by which we reversed the summary judgment of the trial court in this case. Defendants assert that the deposition of Frances Crawford that was referred to in our memorandum decision was "never specifically identified in memoranda or in arguments in the trial court or on appeal." That fact is not surprising since the deposition was apparently never opened and reviewed by the trial court. The fact that neither counsel nor the trial court refers to a specific part of the record that an appellate court deems important to its disposition of an appeal has not in the past and should not now prevent this court from considering such evidence. However, defendants did refer to Frances Crawford's deposition in the statement of facts in their appellate brief and in the memorandum in support of the summary judgment.

This appeal was filed, briefed and argued as an accelerated appeal pursuant to Local R. 4 of this court. Our memorandum decision, in conforming to App. R. 11.1(E) and Local R. 4(7), stated the reasons for our decision in brief and conclusory form, rather than providing a comprehensive exposition of our reasons for reversing the trial court's judgment. One of the important purposes of the accelerated calendar is to enable an appellate court to render a decision more quickly than in a case on the regular calendar where the briefs may be more lengthy and the facts and legal issues more complicated. Defendants, who agreed that this appeal should be on the accelerated calendar, now seek a more extensive explanation of our decision. Because the accelerated calendar procedure is relatively new and because counsel may, therefore,

not have realized that a memorandum decision would be issued in this case, we will provide counsel with some additional reasons for our judgment entry.

The primary issue presented by this appeal was whether one or more of the defendants was liable for the injuries sustained by plaintiff Charles E. Crawford when he slipped in a liquid substance several feet from an ice cream store in the mall owned by defendant Eastland Shopping Mall Association. The facts necessary to determine defendants' liability included the nature of the substance on the floor; the length of time the substance was on the floor before the plaintiff fell in it; and whether defendants had actual notice of the substance or whether they should be deemed to have had constructive notice because of the time between the moment when the substance fell on the floor and plaintiff's fall.

In briefs, and particularly in oral argument in response to questions from the court, both counsel discussed the evidence in the record regarding the length of time the substance, which was allegedly melted ice cream, was upon the floor and whether a person employed by defendant Eastland Shopping Mall Association had seen the substance or should have seen it before plaintiff's fall. Plaintiff Frances Crawford testified by deposition that, at the time of the accident, she was walking a couple of steps behind her husband and that the substance in which her husband fell looked like melted vanilla ice cream, and that an ice cream store was approximately fifteen to twenty feet from the location of the fall.

The evidence in the record presents a genuine issue regarding material facts, and the application for reconsideration is overruled.

*Motion overruled.*

WHITESIDE, P.J., and NORRIS, J., concur.