OPINION
This is an accelerated appeal under App.R. 11.1. App.R. 11.1 allows for our decision to be in brief, conclusory form. Consequently, this opinion will not contain a "comprehensive exposition of our reasons" for affirming the trial court's decision. See Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
In this accelerated appeal, the State of Ohio appeals the trial court's granting of Lapetto Johnson's motion to dismiss his case on the grounds that the sexual predator law is unconstitutional. The State assigns the following error for our review:
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FINDING R.C. 2950 BE VIOLATIVE OF ART. II, SEC. 28 OF THE OHIO CONSTITUTION.
Having reviewed the record and the legal arguments of the parties, we reverse the decision and remand it to the trial court for further proceedings. The apposite facts follow.
Based on a plea agreement, the trial court found Lapetto Johnson guilty of multiple counts of kidnapping, rape, abduction, felonious assault, gross sexual imposition, aggravated robbery, and attempted rape. The trial court sentenced Johnson to an aggregate ninety-six years actual incarceration to two hundred thirty-five years.
On appeal, this Court affirmed appellee's conviction, in Statev. Johnson (Apr. 9, 1990), Cuy. App. No. 56808, unreported. The Ohio Supreme Court denied leave to appeal.
On February 10, 1998, Johnson filed a motion to dismiss the sexual predator hearing, which had been instituted by the Adult Parole Authority seeking to have him classified as a sexual predator under R.C. 2950. On March 9, 1998, the trial court, without a hearing, dismissed the proceedings declaring the notification and reporting requirements of R.C. 2950 to be violative of Article II, Section 28 of the Ohio Constitution because they attach new duties and disabilities to past transactions. This appeal now follows.
In its sole assignment of error, the State argues the trial court erred in finding the sexual predator law unconstitutional. We agree.
Recently, the Ohio Supreme Court upheld the constitutionality of R.C. 2950. In substance, it held that R.C. 2950 was remedial and, therefore, not violative of the retroactive or ex post facto clauses of the Ohio and United States Constitutions. State v.Cook (1998), 83 Ohio St.3d 404. In accordance with the Supreme Court's ruling, this court also ruled that R.C. 2950 is constitutional. See State v. Ward (January 28, 1999), Cuyahoga App. No. 72371, unreported. Based on these decisions, we conclude the trial court erred in its decision in the case sub judice. The State's assignment of error is sustained.
Judgment reversed.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is ordered that appellant recover of appellee its costs herein taxed.
It is ordered that a special mandate issue out of this Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate procedure.
JAMES M. PORTER, Adiministrative Judge.
TERRENCE O'DONNELL, Judge.
PATRICIA ANN BLACKMON, Judge.