An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1 (E).
Defendant-appellant Jihad Botros (d.o.b. July 11, 1959) appeals from his plea of guilty to one count of felony theft and one count of misdemeanor theft (R.C. 2913.02). The two theft offenses which were part of the guilty plea were committed three days apart against two Roman Catholic priests at two different churches.[1] For the reasons adduced below, we affirm.
A review of the record on appeal indicates that the trial court conducted a hearing on September 8, 1998, on the proposed guilty plea. Defendant was represented by retained attorney Gregory Troyan.
At the hearing, the prosecutor identified the four offenses, the potential punishments available, and the substance of the proposed plea bargain. The substance of the plea was to plead guilty to the two theft offenses, make restitution of $400 to Corpus Christi Church, make restitution of $900 to Our Lady of Good Counsel Church, and make further restitution of $1,000 to St. Angela's Church (an unindicted victim with similar crimes on the same date as these offenses which would be nolled if the plea was forthcoming). The prosecutor informed the court that the defendant had made a restitution deposit of $5,000 with the Probation Department.
At that point, the court inquired of the defendant about his: age (40); education ("goes to college in my country," R. 6); ability to read and write (he does both, but reads with some difficulty); understanding of the writings before him (he understands it all); being under the influence of drugs, alcohol or medications which might affect his thinking (no); being an American citizen (yes); length of time in America (fourteen years); ability to understand English sufficiently to understand what is going on (he does); satisfaction with defense counsel (yes); counsel's explaining everything to him and answering all his questions (yes). The court then explained to the defendant the constitutional rights that he would be waiving by pleading guilty. The defendant stated to each question posed to him that he understood the waiver involved. The defendant stated that he understood the offenses to which he would be pleading, their potential punishments and range of fines, and that the misdemeanor offense was probationable. The defendant also stated, when questioned by the court, that he could be subject to "bad time" while in prison for violations which occur during the period of incarceration, and subject to post-release control measures for a period of up to three years. Defendant affirmatively answered, when questioned, that no one had promised him anything or threatened him in order to obtain the change of plea. Defendant also stated that he was not presently on probation or parole. Defendant then pled guilty to the two offenses previously identified and the court accepted the plea.
The court, after obtaining an admission by defense counsel that counsel was satisfied that Crim.R. 11 was complied with, then addressed the defendant. The defendant stated, in response to these inquiries, that he has been married for twelve years and became a naturalized citizen of the United States four years ago. (R. 15.) In fact, the defendant immediately volunteered that a detective had checked his citizenship status, to which the court replied that this was good because serious consequences flowed in the form of possible deportation if defendant was not a citizen. (R. 15-16.) The court then referred the matter to the Probation Department for the preparation of a presentence investigation report prior to sentencing.
On October 6, 1998, the court, pursuant to the new punishment criteria contained in Am.Sub.S.B. 2, conducted a sentencing hearing. The defendant expressed remorse. The investigating detective, Cleveland Police Detective Fred Harvey, volunteered to the court that the defendant was currently on probation from California for committing a similar type of offense. The court then noted that at the time of the offenses herein, the defendant was under community control sanctions and was on probation in Ohio for fraud and that he tested positive for cocaine on the date of his change of plea. The court sentenced defendant to a term of six months on the first degree misdemeanor theft offense, and twelve months on the fifth degree felony offense, sentences to run concurrently. These terms of imprisonment are the maximum terms available. Finally, the court noted that restitution had been made in full from the deposited funds, and ordered that fines and costs of the action would be deducted from what remains from the deposited sum, Defendant received credit for time served.
The journal entry of the sentencing order, prepared on October 6, 1998, and journalized on October 13, 1998, reflects the terms of imprisonment, but includes the following closing sentence: "Defendant to pay costs and fine of $2,700.00. Restitution has been made." Journal Vol. 760, page 269.
This timely appeal presents three assignments of error.
 I "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO THE MAXIMUM SENTENCE FOR A FELONY OF THE FIFTH DEGREE AND A MISDEMEANOR OF THE FIRST DEGREE."
In this assignment, appellant makes two distinct arguments. First, it is argued that the court never made a finding pursuant to R.C. 2929.13 (B) (2) that defendant was not amenable to a community control sanction; thus it was error to incarcerate the defendant. Second, it is argued that the court failed to make required findings pursuant to R.C. 2929.14 (C) justifying the imposition of the maximum available term for the felony offense.
The second argument will be addressed first since it is the simplest to dispose of as it clearly is without merit. In a recent case which also dealt with the imposition of a maximum sentence, namely State v. Brooks (November 5, 1998), Cuyahoga App. No. 74382, unreported, 1998 WL 775006, at 2, this court stated the following:
 "Pursuant to Senate Bill 2, an appellate court must review a trial court's sentencing determination and the trial court's reasons for imposing the maximum sentence. State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported. Prior to Senate Bill 2, a silent record was construed by appellate courts to support the inference that the trial court considered all necessary factors in sentencing a defendant. Now, however, R.C. 2953.08 (G) (1) requires the record to affirmatively support the trial court's sentence. Accordingly, the trial court must make a finding that supports its reasons for imposing the maximum sentence for a single offense. Banks, supra. R.C. 2929.14 (C) sets forth the circumstances under which a maximum sentence should be imposed on a felony offense. The statute provides:
 "Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who commit the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section."
In the case sub judice, a review of the sentencing transcript demonstrates that the trial court engaged in a dialogue with defendant-appellant at which time the court made the explicit finding required by R.C. 2929.14 (C) for imposition of the maximum sentence. Specifically, the trial court determined that defendant-appellant, in preying upon the clergy in committing the offenses herein, and in committing like offenses against clergy in California, committed the worst form of the felony offense of theft. (See R. at 24.)
Turning our attention to the first argument, that the court did not make a finding which precluded community control sanctions in lieu of imprisonment, R.C. 2929.13 (B) provides in pertinent part:
 (B) (1) Except as provided in division (B) (2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
* * *
 (g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
 (2) (a) Except as provided in division (E), (F), or (G) of this section, if the court makes a finding described in division (B) (1) . . . (g) or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender.
 (b) If the court does not make a finding described in division (B) (1) . . . (g) or (h) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender.[2]
In the sentencing transcript, the court made the finding that at the time of the offenses the offender was under a community control sanction and was on probation for fraud in the State of Ohio. This satisfies the finding contained under R.C. 2929.13 (B) (1) (h). Having made that required finding, the court was then under a duty to consider the seriousness and recidivism factors contained in R.C. 2929.12. The trial court, in considering those factors, could determine, based on the action of the defendant, that the defendant's "relationship with the victim facilitated the offense" in that the defendant, falsely and in aid of his criminal enterprise, sought assistance from the clergy as a means of gaining the trust of the victims. See R.C. 2929.12 (B) (6). Also, the court noted that the defendant, in committing the offenses while on probation and community control sanctions, had "not responded favorably to sanctions previously imposed." See R.C. 2929.12 (D) (3). Given this past criminal history, it is reasonable to conclude that the defendant was a risk to repeat these crimes in the future. Finally, there was testimony that the defendant had committed similar offenses in California and had tested positive for cocaine on the day he entered his change of plea. Based on the above, the court obviously concluded that the purposes of sentencing, to-wit, "to protect the public from future crime by the offender . . . and to punish the offender," R.C.2929.11 (A), were best achieved by incarcerating the defendant rather than to impose a fresh measure of community control sanctions, which sanctions proved to be no deterrence when previously imposed on the defendant for similar crimes. We find no error in the court's sentencing.
The first assignment of error is overruled.
 II "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT JOURNALIZED THE SENTENCE OF A FINE WHEN THERE WAS NOT ORAL PRONOUNCEMENT OF A FINE."
Appellant argues that the court, at the sentencing hearing, never said that a fine would be imposed, yet the sentencing order did contain a fine in the amount of $2,700. Appellant argues that this amounts to an improper change of his sentence between the time of the sentencing hearing and the journalization of the sentencing order and that the $2,700 fine cannot be imposed.
As previously stated above, the court ordered at the sentencing hearing that whatever remained of the $5,000 deposited by the offender after restitution was made was to be used to pay the fines and costs of the case:
 "You have on deposit — you will pay the fines and the costs of whatever remains of that $5,000 and restitution has been made to those individuals that have been named in this case." (R. 25.)
The sentencing order journalized on October 13, 1998, reflected the court's prior pronouncement by stating in pertinent part:
 "Defendant to pay court costs and fine of $2,700.00. Restitution has been made."
While the monetary fine is not stated with exactness, it is clear from the record that a fine was discussed by the court at the sentencing hearing and that the fine [3] plus court costs could not exceed the balance of $2,700 on deposit. It is also clear that the $2,700 amount did not exceed the potential fines available to the court for both offenses. We find no reversible error.
The second assignment of error is overruled.
 III "DEFENDANT WAS IMPROPERLY SENTENCED AS THE COURT DID NOT ADVISE DEFENDANT CONCERNING HIS AMENABILITY TO DEPORTATION."
In this assignment, appellant argues that the trial court violated R.C. 2943.031 (A) in not advising the offender at the time
The record reflects that the offender, at the sentencing hearing, stated to the court without equivocation that he was a United States citizen. (R. 7.) Further along at the hearing, the offender informed the court that he became a naturalized United States citizen four years before the hearing and that the detective assigned to his case had checked his citizenship status. (R. 15.) With this admission by the offender, the court, out of a sense of caution, stated the following to which the defendant replied:
 "THE COURT: Okay. Good. We want to make sure, because if you're not, you're looking at real serious consequences. You know, they could deport you if you are not a citizen?
 "THE DEFENDANT: The detective check this, and he say Immigration told him welcome to stay." (R. 15-16.)
R.C. 2943.031 (B) (2), which disposes of appellant's argument, provides:
 "(B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:
* * *
 "(2) The defendant states orally on the record that he is a citizen of the United States." (Underline added.)
The defendant, having stated on the record on more than one occasion that he was a citizen of the United States, absolved the court from its obligation to make the advisement on deportation consequences contained in R.C. 2943.031 (A).
The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ TIMOTHY E. McMONAGLE, P.J.
 ______________________________ JOHN T. PATTON, J.
 ______________________________ JAMES D. SWEENEY, J.
[1] The original indictment contained four offenses. The first and second offenses, burglary and misdemeanor theft, were committed on June 5, 1998, against Father Ronald Szudarek of Corpus Christi Church. The value of the property stolen was $400. The third and fourth offenses, burglary and felony theft, were committed on June 8, 1998, against Father Leroy Moreeuw of Our Lady of Good Counsel Church. The value of the property stolen was $900.
[2] Note, divisions (E), (F) and (G) of R.C. 2929.13 (B) (2) do not apply to the facts in this case.
[3] The fine for a first degree misdemeanor shall be no more than $1,000. R.C. 2929.21 (C)(1). The fine for a fifth degree felony shall be no more than $2,500. R.C. 2929.18 (A) (3) (e). Thus, the trial court had at its disposal fines totaling $3,500. of the plea of the possibility of deportation by virtue of his pleading guilty to the offenses herein.