JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision.Crawford v. Eastland Shopping Mall Assn. (1983) 11 Ohio App.3d 158.
Defendant-appellant Lauren Gardner appeals from her conviction for improperly turning right on red in violation of Lyndhurst Ordinance 414.10. The appellant's fine of $30.00 was stayed pending appeal.
On June 14, 1998, the appellant was in the curb lane, eastbound, on Mayfield Road, Lyndhurst, Ohio. Ms. Gardner stopped at a red light at Mayfield and Richmond Roads, waited for a clear lane, made a right-hand turn, and proceeded southbound on Richmond Road. Hanging on the pole, to the right of the traffic signal, is a sign which states "No turn on red." The sign is in black and white, and the lower portion of the sign reads, "7:00 a.m. to 6:00 p.m." (T. 10.) There are no red slashes or directional arrows. In closing, appellant's counsel argued that the sign did not conform to the Ohio Manual of Uniform Traffic Control Devices (OMUTCD).
The appellant asserts two assignments of error.
The appellant's first assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CONVICTED APPELLANT OF VIOLATING A TRAFFIC CONTROL DEVICE WHERE THE TRAFFIC CONTROL SIGN DID NOT CONFORM TO THE REQUIREMENTS ESTABLISHED BY THE OHIO MANUAL OF UNIFORM TRAFFIC CONTROL DEVICES AND R.C. § 4511.12.
The appellant argues that since the sign did not conform to the requirements in the OMUTCD, the conviction may not stand.
Pursuant to R.C. 4511.09, the Ohio Department of Transportation must adopt a manual and specifications for a uniform system of traffic control devices. R.C. 4511.11 (A) requires local jurisdictions to place and maintain traffic control devices in accordance with the department of transportation manual and specifications for a uniform system of traffic control devices. As adopted under R.C. 4511.09, R.C. 4511.11 (D) requires that control devices conform to the state manual. See Richmond Heightsv. DiCello (May 27, 1999), Cuyahoga App. No. 74298, unreported. The appellant points out that R.C. 4511.12 states in pertinent part:
 No provision of this chapter for which signs are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person.
The appellant points to section 2J-9, of the OMUTCD which sets forth specifications on the prohibition or restriction of turns at an intersection. However, the second sentence of this section states "Information regarding the NO TURN ON RED sign (R-23) is found in Section 2L-31." The OMUTCD section 2L-31 states:
2L-31 NO TURN ON RED Sign (R-23)
 As provided in Section 4511.13 of the Ohio Revised Code (see Appendix B). the NO TURN ON RED sign shall be erected at:
 (a) a signalized intersection where a right turn on red is prohibited, and
 (b) a signalized intersection of a one-way street with another one-way street on which traffic moves to the left where a left turn on red is prohibited.
 The sign shall be located adjacent to the extreme right (left) signal face controlling right (left) turns in the case of span wire or mast arm type signals. The sign shall be located below the far-right (left) signal for pedestal-mounted signals.
 The auxiliary plate (RP-23) shall be used with the R-23 sign when the restriction applies only to: (a) specified hours and/or days; or (b) when it excludes the curb lane, in which case the legend EXCEPT CURB LANE shall be used. The NO TURN ON RED sign with the auxiliary plate shall be displayed in the same manner as prescribed above for the R-23 sign alone. The RP-23 plate may be combined with the R-23 sign on a single panel.
In the case sub judice. the sign as described by the police officer complies with the requirements of the OMUTCD.
The appellant's first assignment of error is overruled.
The appellant's second assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CONVICTED APPELLANT OF VIOLATING A TRAFFIC CONTROL DEVICE ORDINANCE WHERE THE DEFENDANT'S INFRACTION WAS DE MINIMIS, THE DEFENDANT SUBSTANTIALLY COMPLIED WITH THE INTENT OF THE STATUTE AND THE CITY FAILED TO DEMONSTRATE HOW THE DEFENDANT' S LITERAL NONCOMPLIANCE CREATED ANY PREJUDICE.
The, appellant asserts that because she turned right on red only after "making sure the intersection was clear, her actual violation of the law should be ignored.
To adopt the appellant's premise would be tantamount to permitting private citizens to amend the traffic code on an ad hoc basis, which, at the very least, would be palpably absurd.
The appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and MICHAEL J. CORRIGAN, J., CONCUR
 ___________________________________ JAMES D. SWEENEY JUDGE