JOURNAL ENTRY AND OPINION
An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.R. 25. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory opinion.Crawford v. Eastland Shopping Mall Assn. (1983), 11 Ohio App.3d 158; App.R. 11.1 (E).
Defendant-appellant, Jihad Botros, appeals from the denial of his motion to withdraw plea of guilty by the trial court. Appellant was indicted in a four-count indictment on August 3, 1998. At a plea hearing conducted on September 8, 1998, the appellant withdrew his previously entered pleas of not guilty and plead guilty to one count of misdemeanor theft and one count of theft, which was a fifth degree felony. The appellant was sentenced to six months and twelve months, respectively, on the two counts, to be served concurrently, plus restitution.
On June 16, 1999, more than nine months after the appellant entered his plea of guilty and after the plea was affirmed on appeal by this court, the appellant filed a motion to withdraw plea of guilty. The trial court denied the motion on June 21, 1999. It is from that ruling by the trial court from which the appellant now appeals. The appellant presents one assignment of error for our review.
 1. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT, WITHOUT A HEARING, DENIED HIS MOTION TO WITHDRAW HIS PLEA OF GUILTY.
This assignment of error is overruled based on the doctrine ofres judicata. The legal arguments contained in the motion to withdraw plea of guilty are identical to those raised by the appellant in his third assignment of error in his appeal from the validity of his guilty plea. This court has already addressed these arguments and concluded that because the appellant repeatedly informed the trial court that he was a citizen of the United States, the trial court was not obligated to advise the appellant of the potential for deportation and other ramifications as a result of his plea. See State v. Botros (May 27, 1999), Cuyahoga App. No. 75368, unreported; R.C. 2934.031 (B)(2). Thus, the advisement as to the possible immigration/naturalization consequences called for in R.C.2943.031 (A) was not applicable to the appellant's sentencing.
A trial court is not required to hold a hearing on a postsentence motion to withdraw a guilty plea "if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v.Blatnik (1984), 17 Ohio App.3d 201; State v. Carmicle (Nov. 4, 1999), Cuyahoga App. No. 75001, unreported. At the time that the appellant filed his motion to withdraw plea of guilty, this court had already resolved all of the issues raised in the motion. Thus, there was no need for the trial court to hold a hearing on the appellant's motion.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, A.J., and PATTON, J., CONCUR.
 ______________________________ MICHAEL J. CORRIGAN JUDGE