ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} Pursuant to App.R. 11.1, an accelerated appeal is brief and conclusory on facts and issues that are uncomplicated.[1] In this accelerated appeal, we utilize the brevity concept expounded in Crawford
and hold that under the recent case law of this court, the trial court erred in denying Willis' motion to dismiss.[2]
 {¶ 2} Willis had served his sentence and was released from jail on March 25, 2002. Two days later he met with a parole officer who informed him that he would be placed on post-release control. The record is uncontroverted that at his sentencing hearing on June 28, 2001, Willis pled guilty to one count of drug possession and was sentenced to one year of incarceration. At the sentencing hearing, he was not sentenced to post-release control nor notified by the trial court that he could be subjected to post-release control.[3]
 {¶ 3} This court recognizes the diversity of views in the Eighth District on the issue in this appeal and those involving post-release control and escape indictment and conviction when the escape charge is for violation of post-release controls. We note State v. Johnson[4]
cited in Footnote No. 3 of this opinion has been accepted for decision by the Ohio Supreme Court. See 98 Ohio St.3d 1460. Nevertheless, the most recent and most definitive word on post-release control involving an escape conviction from this district is State v. Quincy Smith.[5] InBryant, the defendant challenged the trial court's adding post-release control to its journal entry when it had not given post-release control at the hearing. Our position was that the journal entry constituted a resentencing in violation of Bryant's right to be present during sentencing. This case is controlled by Quincy Smith and not Bryant.
Accordingly, Willis' conviction for escape is vacated.
Sentence vacated and defendant discharged.
ANNE L. KILBANE, J., and TIMOTHY E. McMONAGLE, J., CONCUR.
[1] Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
[2] State v. Quincy Smith, Cuyahoga App. No. 81344, 2003-Ohio-3215.
[3] See State v. Quincy Smith citing the following: "When a defendant has already completed his sentence, this court has ruled `the imposition of post-release controls thereafter is precluded due to such practice being a violation of the separation of powers doctrine.' State v.Murphy, Cuyahoga App. No. 80460, 2002-Ohio-3452. See, also, State v.McAnich, Hamilton App. No. C-010456, 2002-Ohio-2347. This court has previously discharged a post-release control order imposed after the defendant completed his prison term, even when the post-release control is statutorily mandated. State v. Newman (Jan. 31, 2002), Cuyahoga App. No. 80034, 2002-Ohio-328, following State v. Hart (May 31, 2001), Cuyahoga App. No. 78170, and State v. Morrissey (Dec. 18, 2000), Cuyahoga App. No. 77179. In State v. Fitch, supra, 2002-Ohio-4891, post-release control was also statutorily mandated, but not stated at sentencing. But see State v. Johnson, Cuyahoga App. No. 80459, 2002-Ohio-4581."
[4] Cuyahoga App. No. 80459, 2002-Ohio-4581.
[5] We note that State v. Quincy Smith is different from this court's decision in State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136, and different from State v. Leeks (October 18, 2001), Cuyahoga App. No. 78801, wherein this court held defendant's conviction for escape would stand because defendant failed to appeal the trial court's failure to notify of post-release control. Leeks raised the thorny question of whether a defendant is precluded from raising at his appeal an escape conviction that he was not informed of post-release control.