JOURNAL ENTRY and OPINION
{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory decision. Crawford v. Eastland ShoppingMall Assn. (1983), 11 Ohio App.3d 158.
 {¶ 2} Plaintiff-appellant Matthew Holbrook appeals from the trial court order that granted summary judgment to defendant-appellee Erin McCracken, thus terminating appellant's personal injury action.
 {¶ 3} Appellant was injured when he fell from an indoor rock wall he had climbed for recreation. At the time, appellee was acting as his "belayer," i.e., as appellant descended from his successful climb, appellee reversed the process of taking up slack and instead let out rope for him from the top of the wall through a harness system attached to her body. Appellee stated she thought she" wasn't fast enough" at locking the smooth "new" rope before too much of it slipped through the device on her harness and slackened appellant's line.
 {¶ 4} In his sole assignment of error, appellant argues the trial court improperly determined the doctrine of primary assumption of the risk precluded appellee's liability on appellant's claim. This court disagrees.
 {¶ 5} The Ohio Supreme Court recently reaffirmed the applicability of that doctrine to recreational activities inGentry v. Craycraft, 101 Ohio St.3d 141, 2004-Ohio-379. In order to gain the thrill associated with rock climbing, the appellant voluntarily assumed the primary and "inherent risk" of the activity, viz., falling. Blankenship v. CRT Tree, Cuyahoga App. No. 80907, 2002-Ohio-5354.
 {¶ 6} Therefore, despite appellant's expert's opinion that appellee was "reckless" in permitting the rope to slip through her hands, the risk of falling inherent to the activity of rock climbing can be "reduced * * * [but] cannot be eliminated."Vorum v. Joy Outdoor Education Center, (Dec. 12, 1998), Warren App. No. CA98-06-072. This is especially true when the injury results from simple human error. Gentry v. Craycraft, supra, * P. 14.
 {¶ 7} Since there was no evidence that appellee acted either intentionally or recklessly when the rope she held slipped before the harness device could lock it in place, the trial court correctly concluded she was entitled to summary judgment on appellant's claim.
 {¶ 8} Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and Karpinski, J. concur.