JOURNAL ENTRY AND OPINION
{¶ 1} In this action for personal injury due to a slip and fall, plaintiff-appellant Patricia Trennel appeals from the trial court order that granted summary judgment to defendant-appellee MetroHealth System on her complaint.
 {¶ 2} Appellant argues summary judgment was inappropriate on the facts of this case.
 {¶ 3} This appeal was assigned to the accelerated calendar. The purpose of an accelerated appeal is to allow this court to give a brief and conclusory opinion. Crawford v. Eastland Mall Assn. (1983),11 Ohio App.3d 158.
 {¶ 4} The record reflects appellant alleged that while walking down a hallway as a visitor on appellee's premises she was "caused to slip and fall due to a build up of wax" on the floor, and that the wax was a latent defect not open and obvious to her. Thus, she asserted appellee had been negligent in permitting the condition to exist, and failing to warn her of it.
 {¶ 5} Appellee's answer denied the pertinent allegations. Eventually, appellee filed a motion for summary judgment that was supported by portions of appellant's deposition testimony. During appellant's deposition, she identified a photograph that depicted the hallway in which she had fallen; this photograph was attached as an exhibit to appellee's motion.
 {¶ 6} In its brief in support of its motion, appellee contended it owed no duty to appellant because the danger was "open and obvious," appellant had assumed the risk of walking there, and appellant's own lack of care was the proximate cause of her injury.
 {¶ 7} Appellant responded with a brief in opposition, to which she attached an entire copy of the deposition testimony of Ronald Wallace, appellee's Director of Environmental Services. She argued that the evidence demonstrated issues of fact remained concerning whether appellee owed a duty to her that it had breached.
 {¶ 8} The trial court granted appellee's motion without opinion.
 {¶ 9} Appellant argues in her assignment of error that summary judgment for appellee was inappropriate on the record before the court. Her argument has merit, so her assignment of error is sustained.
 {¶ 10} Although the moving party bears the initial burden of identifying those portions of the record which support the requested judgment, appellee's motion was unaccompanied by any affidavits, and was supported by an incomplete deposition. Appellee selected portions of appellant's deposition testimony to demonstrate she could not establish the elements of her claim.
 {¶ 11} However, even though the complete deposition was not submitted, a fair reading of it pursuant to Civ.R. 56(C) standards, especially in conjunction with Wallace's deposition, reveals the existence of genuine issues of material fact. Texler v. D.O. SummersCleaners Shirt Laundry Co., 81 Ohio St.3d 677, 1998-Ohio-602; Sadeyv. Metromedia Steakhouses Co. (July 15, 1998), Cuyahoga App. No. 74178. Despite appellee's attorney's efforts to compromise her testimony, appellant was definite as to what caused her fall and credible in her version of the incident.
 {¶ 12} Appellant stated that she, a licensed minister, was on appellee's premises visiting a patient. At the conclusion of her visit, she and her husband became lost while looking for the exit to the garage where their car was parked, so they used the pedestrian "bridge" and then entered a hallway with which they were unfamiliar. They saw it appeared to be in the process of being waxed.
 {¶ 13} Orange cones were set up along the hallway's length, leaving a three-foot wide "walkway" to the right side for travel. The left side of the hallway was set off as a work area lengthwise by the cones, and that area was "marked" width-wise at each entrance with a rolled-up sheet which reached approximately five feet across the floor. Appellant saw a floor-buffing machine in the work area; the machine had a bottle of liquid floor wax near it.
 {¶ 14} She preceded her husband, walking carefully on the right side of the hallway in her rubber-soled shoes, because she could see she was adjacent to a work area; nevertheless, her foot hit something slippery and she fell, causing injury to her ankle. While she was on the floor, she saw she had slipped in a small "puddle" of liquid floor wax which had seeped out of the work area. The wax was clear in color, and, only while on the floor could she notice it was not the only such puddle in the walkway area.
 {¶ 15} Wallace testified in his deposition that such a set-up was common for floors that were in the process of being stripped of the old wax, and, ordinarily, two workers were assigned to do the process. He admitted that a check of work records indicated only one worker had been assigned to that task that evening. He further admitted that one worker should stay there while the other took his break.
 {¶ 16} Additionally, Wallace admitted that when the new wax was poured, it was wet-mopped to spread it, then had to be let dry for approximately 45 minutes. Lengthwise sheets could not be placed because they had the potential to become soaked with spreading floor wax and becoming entangled in the floor-buffer machine. Finally, he indicated that it was procedure to place a "wet floor" sign near such work areas. Appellant did not indicate she saw such a sign.
 {¶ 17} Thus, appellant did not rest upon the allegations of her complaint, but, in response to appellee's motion, provided evidence which raised issues of material fact concerning: 1) whether the condition of clear floor wax seeping into the area apparently marked for safe travel was "open and obvious;" 2) whether, under the circumstances, appellee had a duty to warn of a dangerous condition possibly existing in the walkway, an area that seemed to be set off as an invitation for safe travel; 3) whether appellee breached a duty by not having another worker at the location, either to remedy the seepage or to watch the work area and to warn the visitors using the walkway; 4) whether appellant "assumed the risk" by walking in an area which seemed to be marked for safe travel even though the area next to it was being serviced; and, 5) whether appellant used reasonable care for her own safety. Texler, supra.
 {¶ 18} The record, therefore, does not support the trial court's action. Accordingly, appellant's assignment of error is sustained.
 {¶ 19} The trial court's order is reversed, and this case is remanded for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J. and McMonagle, J. Concur