[Cite as *Poptic v. Mulby*, 2012-Ohio-3959.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97860**

---

## ALAN POPTIC

PLAINTIFF-APPELLANT

vs.

## ANNETTE MULBY, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-757155

**BEFORE:** Rocco, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEY FOR APPELLANT**

J. Charles Ruiz-Bueno
Charles Ruiz-Bueno Co., LPA
36130 Ridge Road
Willoughby, Ohio 44094

**ATTORNEY FOR APPELLEES**

Stephen P. Leiby
Leiby Hanna Rasnick Towne Evanchan Palmisano & Hobson
388 South Main Street, Suite 402
Akron, Ohio 44311

KENNETH A. ROCCO, J.:

**{¶1}** In this appeal assigned to the accelerated calendar pursuant to App.R.11.1 and Loc.App.R. 11.1, plaintiff-appellant Alan Poptic ("Alan") appeals from the order of the Cuyahoga Common Pleas Court dismissing, under Civ.R. 12(B)(6), Poptic's complaint against Annette Mulby, Forrest D. Thompson ("Thompson"), and Bradley Mulby (collectively "defendants"). The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1. Because this appeal does not name a real party in interest, we dismiss the appeal under Civ.R. 17(A).

**{¶2}** On April 11, 2011, Alan obtained a power of attorney from his father, Joseph J. Poptic ("Joseph"). On June 9, 2011, a lawsuit was filed against defendants, naming Alan and Joseph as plaintiffs. The complaint alleged unjust enrichment and a claim for contribution; both claims were related to a property located at 5026 Cheswick Drive, in Solon, Ohio ("the property"). On October 14, 2011, a second amended complaint was filed, and on October 27, 2011, defendants filed a motion to dismiss the second amended complaint. In a journal entry dated December 22, 2011, the trial court granted the defendants' motion to dismiss.

**{¶3}** A notice of appeal was filed on January 20, 2011, naming both Alan and Joseph as appellants and setting forth two assignments of error:

**"I. The trial court committed prejudicial error in granting defendants-appellees' motion to dismiss the contribution claim.**

**"II. The trial court committed prejudicial error by going outside the four corners of the complaint as a predicate to find res judicata for its dismissal of the contribution claim."**

{¶4} After the notice of appeal was filed, Joseph, along with defendants-appellees, filed a motion to dismiss Joseph as a party to this appeal. We granted that motion on April 25, 2012. Accordingly, the only appellant in this appeal is now Alan.

{¶5} It is uncontested that Alan has no ownership interest in the property. The second amended complaint alleged that Joseph and The Boden Family Trust ("the trust") were co-tenants of the property and that Annette Mulby and Thompson were the successor Trustees of the trust. Nowhere does the complaint allege that Alan was a co-tenant. In fact, the complaint alleges that Alan conveyed his interest to the trust and that, in bringing this lawsuit, he was acting only as Joseph's agent. Alan's participation in this lawsuit was via power of attorney, and as an attorney-in-fact, Alan could act only on behalf of the principal, Joseph.

{¶6} Under Civ.R. 17(A) "[e]very action shall be prosecuted in the name of the real party in interest." In *Kovacs v. Aetna Life Ins. Co.*, we concluded that an attorney-in-fact has the capacity to file a lawsuit on behalf of the principal, but "the attorney-in-fact is considered a nominal party only, and the action must be brought in the

name of the party possessing the substantive right to relief." *Kovacs v. Aetna Life Ins. Co.*, 8th Dist. No. 65295, 1994 Ohio App. LEXIS 1699, *10-11 (Apr. 21, 1994).

{¶7} In the present case the party with the substantive right to relief, Joseph, has indicated (through his motion to be dismissed as party to this appeal) that he does not wish to continue this appeal in his name. Even if Alan remains an attorney-in-fact, he is merely a nominal party and no longer possesses the ability to continue this suit in Joseph's name. Accordingly, Alan lacks standing to bring this appeal. Because Alan is the only named appellant, and because Alan does not have standing to bring this appeal, we dismiss the appeal.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR