[Cite as *Goldshtein v. Fiscal Officer, Cuyahoga Cty.*, 2014-Ohio-3730.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101150**

---

# SAMYEL GOLDSHTEIN

PLAINTIFF-APPELLANT

vs.

# FISCAL OFFICER, CUYAHOGA COUNTY, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-818427

**BEFORE:** Keough, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**APPELLANT**

Samyel Goldshtein, pro se
5247 Wilson Mills Road, #131
Richmond Heights, Ohio 44143


**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Saundra Curtis-Patrick
Assistant County Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} Plaintiff-appellant, Samyel Goldshtein, appeals pro se the trial court's decision dismissing his appeal from the Cuyahoga County Board of Revision ("BOR"). For the reasons that follow, we reverse and remand to the trial court for further proceedings.

{¶3} In February 2013, Goldshtein filed a complaint with the BOR regarding the 2012 tax year valuation for the property listed in the name of 836 Real Invest L.L.C. located on Tullamore Road in University Circle, Ohio. Goldshtein asserted he was the sole member of the limited liability corporation that owns the property. He sought a reduction of the county's $173,600 valuation of the property.

{¶4} The BOR conducted a hearing and issued a decision reducing the value of Goldshtein's property to $105,300. Goldshtein appealed this decision to the common pleas court pursuant to R.C. 5717.05 on December 9, 2013 and then filed his brief on December 30. On that same day, the BOR filed the transcript of the record of the proceedings with the common pleas court.

{¶5} After no response from the BOR or the Cuyahoga County Fiscal Officer

("Fiscal Officer") on Goldshtein's appeal or brief, Goldshtein moved for a "default judgment." In response, the BOR and the Fiscal Officer moved to dismiss the appeal for lack of jurisdiction because Goldshtein purportedly did not serve his notice of appeal by certified mail as required by R.C. 5717.05. Attached to the motion was an affidavit stating that the BOR's records only indicated that it received a copy of the notice of appeal by hand-delivery.

{¶6} Goldshtein vehemently opposed the motion by filing a second motion for default and an answer to the motion to dismiss, each claiming that he sent the notice of appeal by certified mail, and also attaching to each motion the certified mail receipts, electronic printouts from the United States Postal Service ("USPS") showing delivery of those certified mailings, and his affidavit averring that he sent the notice of appeal by certified mail.

{¶7} The trial court denied Goldshtein's motions for default and granted the motion to dismiss. In its entry, the court stated,

[Goldshtein] has failed to show compliance with R.C. 5717.05. [Goldshtein] submitted unattested to evidence purporting to show that he sent certified mail to the BOR and the Fiscal Officer. However, he has failed to show proof of service, in that there is not evidence of the certified mail return receipt, indicating that the mail was delivered, refused, or unclaimed. Furthermore, there is nothing on the docket indicating that the

service was attempted or perfected.

**{¶8}** Goldshtein appeals from this decision, raising as his sole assignment of error that the trial court erred in dismissing the appeal for lack of jurisdiction.

**{¶9}** R.C. 5717.05 provides, in relevant part,

an appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation. The appeal shall be taken by the filing of a notice of appeal with the court and with the board within thirty days after notice of the decision of the board is mailed as provided in section 5715.20 of the Revised Code. The county auditor and all parties to the proceeding before the board, other than the appellant filing the appeal in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived.

**{¶10}** The trial court's determination that Goldshtein "submitted unattested to evidence purporting to show that he sent certified mail to the BOR or the fiscal officer" is contrary to the record. As indicated by the certificate of service on the notice of appeal, Goldshtein stated that he was serving both the BOR and the Fiscal Officer by certified mail.

**{¶11}** Attached to his second motion for default and again in response to the motion to dismiss, Goldshtein provided documentation of the certified mail receipts

indicating that he sent a certified mailing to the BOR and Fiscal Officer on December 9, 2013 — the same day the notice of appeal was filed. He also provided an electronic printout from the USPS showing that the certified mailings were "delivered" on December 10, 2013, at 9:05 a.m. The tracking numbers on the certified mail receipts and the electronic printouts correlated with each other. Coincidentally, the BOR indicated by affixing their time-date stamp that it "received" the notice of appeal on December 10, 2013, at 11:51 a.m. Finally, Goldshtein's affidavit asserts that he sent the certified mail, as documented, to both the BOR and the Fiscal Officer.

{¶12} Although the BOR also filed an affidavit asserting that the notice of appeal was hand-delivered to their office, the record indicates otherwise. In the BOR's certification of the transcript of the record of the proceedings dated December 27, 2013, the BOR and the Fiscal Officer certified as "true" that "6. A copy of the notice of appeal was received and filed on December 9, 2013 and all parties have been notified of the appeal by certified mail."

{¶13} Accordingly, we find sufficient information existed to prove that Goldshtein served the BOR and Fiscal Officer notice of the appeal by certified mail, in compliance with R.C. 5717.05. The trial court erred in dismissing the appeal for lack of jurisdiction. Goldshtein's assignment of error is sustained.

{¶14} Judgment reversed and case remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE


SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR