[Cite as *State v. Norris*, 2020-Ohio-1221.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2019-0083 |
| CORY A. NORRIS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  CR2018-0214


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      March 27, 2020


APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
TAYLOR P. BENNINGTON
ASSISTANT PROSECUTOR
27 North Fifth Street, P. O. Box 189
Zanesville, Ohio  43701

For Defendant-Appellant

CORY A. NORRIS, PRO SE
SOUTHEASTERN CORR. INSTITUTION
5900 B.I.S. Road
Lancaster, Ohio  43130

*Wise, P.J.*

**{¶1}** Defendant-Appellant Cory A. Norris appeals the October 31, 2019, decision of the Muskingum County Court of Common Pleas denying his motion to return seized currency.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

**{¶3}** Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

**{¶4}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶5}** This appeal shall be considered in accordance with the aforementioned rules.

## STATEMENT OF THE FACTS AND CASE

**{¶6}** The relevant facts and procedural history are as follows:

**{¶7}** On September 24, 2018, Appellant Corey Norris entered a plea of guilty to one count of Having Weapons While Under Disability, one count of Carrying a Concealed Weapon, and one count of Improper Handling of a Firearm in a Vehicle.

**{¶8}** The trial court sentenced Appellant to eighteen (18) months in prison.

{¶9} On January 2, 2019, Appellant filed a Motion for Return of Monies Taken at the Time of Arrest.

{¶10} On January 15, 2019, the State filed a Response to Appellant's motion.

{¶11} By Judgment Entry filed January 23, 2019, the trial court denied Appellant's motion.

{¶12} On March 27, 2019, Appellant filed a Motion for Reconsideration.

{¶13} By Judgment Entry filed March 29, 2019, the trial court denied Appellant's Motion for Reconsideration.

{¶14} On April 22, 2019, Appellant filed a Notice of Appeal with this Court. (Muskingum County Case No. CT2019-0031).

{¶15} On June 20, 2019, Appellant filed a motion to withdraw his appeal.

{¶16} By Judgment Entry filed July 8, 2019, Appellant's voluntary dismissal was granted.

{¶17} On October 17, 2019, Appellant filed a Motion for Return of Seized Currency.

{¶18} On October 30, 2019, the State filed its Response to Appellant's motion.

{¶19} By Judgment Entry filed October 31, 2019, the trial court denied Appellant's Motion for Return of Seized Currency.

{¶20} Appellant now appeals, raising the following assignment of error for review:

**ASSIGNMENT OF ERROR**

{¶21} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S RETURN OF CURRENCY. "

**I.**

{¶22} In his sole assignment of error, Appellant argues the trial court erred in denying his motion for the return of seized currency. We disagree.

{¶23} In the instant case, Appellant claims that monies obtained from his residence during his arrest were wrongfully seized and should be returned to him.

{¶24} Upon review of the record, it appears that the funds were collected by the Zanesville Police Department after they were called to Appellant's residence for a domestic dispute. Upon arrival, after determining that the victim and her children were safe, the victim gave the officers permission to enter the premises. Once inside, the officers located Appellant, who had outstanding felony and misdemeanor warrants, handcuffed him and searched him for weapons and contraband. The search of his person revealed a bag of marijuana and $1,941.00 in cash. Appellant was transported to the Zanesville City Jail, where he was served with the warrants and cited for drug abuse for the possession of marijuana. The victim stated that the domestic dispute was only a verbal argument and did not choose to pursue charges.

{¶25} As a result of the charges brought in the Zanesville Municipal Court, the police department determined that the confiscated funds were abandoned property and the money was surrendered to the collecting law enforcement agency. This determination was made after Appellant denied that the money belonged to him, claiming that it belonged to the victim. The victim, however, on at least three occasions denied ownership of the money.

{¶26} The case *sub judice* is unrelated to the Zanesville Municipal Court case, which resulted in the seizure of the funds by the Zanesville Police Department. Further,

the Zanesville Municipal Court has jurisdiction over the Zanesville Police Department, which is the agency that seized the money in relation to said case. We therefore find that the trial court did not err in denying Appellant's request, as it was without jurisdiction to do so.

{¶27}  Appellant's sole assignment of error is overruled.

{¶28}  Accordingly, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

By: Wise, P.J.

Delaney, J., and

Baldwin, J., concur.