JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn. (1983),11 Ohio App.3d 158.
 {¶ 2} Plaintiff Gordon Berry contends that the common pleas court erred by awarding summary judgment to defendant MetroHealth Medical Center, first because he presented an expert report which demonstrated both a standard of care which was breached by MetroHealth and an actual injury which he suffered as a result, and alternatively, because expert testimony was not required to establish the standard of care in this case.
 {¶ 3} The parties agree that plaintiff underwent a colonoscopy at MetroHealth on April 11, 2000. When he experienced discomfort later that night, he called MetroHealth and asked for the physician on call for GI services, per the written instructions he was given. No one answered any of the three calls he made. Eventually, he called an emergency rescue service, which transported him to the nearest hospital, Meridia South Pointe, where he underwent surgery to repair a perforated colon.
 {¶ 4} Prior to the colonoscopy, plaintiff applied for and was found eligible to have that procedure performed at MetroHealth at no cost to him under a state-subsidized program called the Hospital Care Assurance Program ("HCAP"). Although he applied for similar benefits for the surgery at Meridia, his application there was denied. As a result, he owes Meridia approximately $60,000 for the care it provided to him. He claims that if MetroHealth had answered his calls, the surgery would have been performed there at no cost to him.
 {¶ 5} Plaintiff did not suffer any additional physical injury as a result of the delay in treatment resulting from the on-call physician's failure to answer his calls. The surgery he underwent at Meridia was the same procedure he would have gone through at MetroHealth. The mere fact that the surgery occurred at one location rather than another cannot be considered injurious. The only distinction between the two facilities in this case is that plaintiff believes he would have received free care at MetroHealth, while he was obligated to pay for the services provided by Meridia. Thus, at bottom, plaintiff asks us to find that MetroHealth had a duty to provide him with free medical care, which it breached by failing to answer his calls and to direct him to MetroHealth for emergency treatment.
 {¶ 6} The expert report submitted by plaintiff asserts that the failure of MetroHealth's physician on call to answer plaintiff's telephone calls caused plaintiff to receive treatment at Meridia rather than MetroHealth. Viewing the evidence in the light most favorable to plaintiff and accepting this statement as true, plaintiff still has not demonstrated that MetroHealth would have provided free care to plaintiff when he arrived there. Regulations did not require MetroHealth to consider plaintiff to be eligible for additional medical care without charge under the HCAP. See Ohio Admin. Code 5101:3-2-07.17. Nor did plaintiff demonstrate that MetroHealth caused Meridia to reject plaintiff's application for HCAP benefits. Therefore, there is no evidence that MetroHealth caused plaintiff to incur costs he would not otherwise have incurred.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J. and McMonagle, J. Concur.