[Cite as *State v. Kulyk*, 2013-Ohio-2590.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 CA 25 |
| JOHN W. KULYK | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  09 CR 104

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      June 20, 2013

APPEARANCES:k

For Plaintiff-Appellee                  For Defendant-Appellant

DANIEL G. PADDEN                    JOHN W. KULYK
PROSECUTING ATTORNEY          HOCKING CORRECTIONAL FACILITY
139 West 8th Street                       Post Office Box 59
Cambridge, Ohio  43725              Nelsonville, Ohio

*Wise, J.*

{¶1} Defendant-Appellant appeals the judgment of the Guernsey County Court of Common Pleas dismissing his delayed petition for post conviction relief.

{¶2} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶3} (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶4} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusionary decision more quickly than in a case on the regular calendar where the briefs, facts and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶5} This appeal shall be considered in accordance with the aforementioned rule.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶6} On July 29, 2009, the Guernsey County Grand Jury indicted Appellant on one count of robbery, a felony of the second degree, in violation of R.C. §2911.02, two counts of assault, misdemeanors of the first degree, in violation of R.C. §2903.13, and one count of theft, a misdemeanor of the first degree, in violation of R.C. §2913.02.

{¶7} Appellant proceeded to a jury trial on November 5 and 6, 2009, and was found guilty of all charges.

{¶8} On November 23, 2009, the trial court sentenced Appellant to six years on his robbery conviction and a six month sentence on each of the misdemeanors, to run concurrent with his robbery sentence.

{¶9} On February 9, 2010, Appellant was re-sentenced pursuant to R.C. §2929.19, as he was incorrectly informed regarding post-release control. At his re-sentencing, he was again sentenced to six years and was advised that post-release control is mandatory for three years upon his release from prison.

{¶10} On December 11, 2009, Appellant filed a Notice of Appeal, *State v. Kulyk*, Guernsey App. 09 CA 43. Appellant failed to file a brief and the appeal was dismissed for failure to prosecute.

{¶11} On February 26, 2010, Appellant filed a Notice of Appeal with regard to his resentencing. By Entry dated May 3, 2011, Appellant's Assignments of Error were denied, and the judgment of the trial court was affirmed. (*See State v. Kulyk*, Guernsey App. 10 CA 08).

{¶12} Appellant filed a Notice of Appeal to the Supreme Court of Ohio. Said appeal was numbered 2011-1004. By Entry dated August 18, 2011, Appellant's appeal was not accepted for review because of lack of constitutional issues.

{¶13} On August 15, 2012, Appellant filed a Post-Conviction Petition.

{¶14} On September 20, 2012, the State of Ohio filed its Answer in opposition to Appellant's delayed petition.

{¶15} On October 10, 2012, Appellant filed a Reply to the State's Answer.

**{¶16}** By Judgment Entry dated October 24, 2012, the trial court dismissed the delayed Post-Conviction Petition without findings of fact and conclusions of law.

**{¶17}** In response to this denial, Appellant now appeals, raising the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶18}** "I. THE COMMON PLEAS COURT ABUSED ITS DISCRETION IN THIS DISMISSAL BY NOT ACCEPTING THE REVISED CODE SECTION 2953.23 IN ITS ENTIRETY, THEREBY DENYING THIS APPELLAN [SIC] DUE PROCESS AND EQUAL PROTECTION OF LAW UNDER THE XIV AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, AND 16 OF THE OHIO CONSTITUTION

**{¶19}** "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY FAILING TO ISSUE FINDINGS OF FACTS AND CONCLUSIONS OF LAW MANDATED BY OHIO REVISED CODE 2953.21(C) AND (G) AND CIV.R. 52 AND CRIM.R. 35(C), THEREBY VIOLATING THE APPELLANT'S DUE PROCESS RIGHT UNDER THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."

I., II.

**{¶20}** In his two Assignments of Error, Appellant argues that the trial court erred in dismissing his delayed petition for post conviction relief. We disagree.

**{¶21}** Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief:

**{¶22}** "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the

judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

**{¶23}** As Appellant was originally sentenced in November, 2009, then re-sentenced in February, 2010, with an appeal from the re-sentencing filed in February, 2010, Appellant's petition was filed well outside of the 180-day time period.

**{¶24}** Since Appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:

**{¶25}** "* * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:

**{¶26}** "(1) Either of the following applies:

**{¶27}** "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

**{¶28}** "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶29}** "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner

guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence. "***"

{¶30} In his delayed petition, Appellant asserts that he was denied due process of law; that he was improperly sentenced on the Robbery charge, that his self-defense claims were justified and that he was denied the effective assistance of trial counsel and appellate counsel.

{¶31} Upon review, we find that Appellant has not satisfied the R.C. 2953.23(A)(1)(a) requirement that he was unavoidably prevented from discovery of the facts upon which he relied to present his claim for post-conviction relief.

{¶32} We find that Appellant does not offer any evidence which was not already in the record before the trial court. The issues raised by Appellant could have been raised in his appeal and are therefore res judicata. The doctrine of res judicata bars a convicted defendant from raising any defense or lack of due process which had been raised or could have been raised at trial, or on direct appeal from the judgment of conviction. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.

{¶33} We find no justifiable reason to explain the delay in filing the petition for post-conviction relief. Since Appellant's petition was untimely filed, the trial court did not error in overruling the same.

{¶34}  Accordingly, we find that the trial court did not err in dismissing Appellant's delayed petition.  Appellant's Assignments of Error are overruled.

{¶35}  For the foregoing reasons, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0605

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOHN W. KULYK | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 CA 25 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

Costs assessed to Appellant.


_____

_____

_____

JUDGES