[Cite as *Battle v. Favreau*, 2015-Ohio-5106.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BILLY BATTLE | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15AP0007 |
| DAN W. FAVREAU | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Morgan County Court of Common Pleas, Case No. 13CV0042


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     December 7, 2015


APPEARANCES:


For Plaintiff-Appellant             For Defendant-Appellee


BILLY J. BATTLE, PRO SE        LINDA L. WOEBER
S.C.C. Inmate No. A617-868      BRIAN M. SPIESS
5900 B.I.S. Road                    Montgomery, Rennie & Jonson
Landcaster, Ohio 43130         36 East Seventh Street, Suite 2100
                                      Cincinnati, Ohio 45202

*Hoffman, J.*

{¶1} Plaintiff-appellant Billy Battle appeals the May 12, 2015 Judgment Entry entered by the Morgan County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Dan W. Favreau.

## STATEMENT OF THE PROCEEDINGS

{¶2} On March 18, 2013, Appellant commenced the within action filing a complaint in the Morgan County Court of Common Pleas against Appellee. On September 4, 2013, the trial court dismissed the second, fourth, fifth and sixth claims for relief, ordering only the first and third claims for defamation and intentional infliction of emotional distress to proceed. Appellant filed an interlocutory appeal on November 24, 2013, which this Court subsequently dismissed on May 19, 2014. *Battle v. Favreau,* Morgan App. No. 13AP0004, 2014–Ohio–2170.

{¶3} Via Journal Entry issued June 9, 2014, the trial court ordered the parties file motions for summary judgment on or before July 25, 2014. On June 30, 2014, Appellant filed a Notice of Date and Time of Depositions of Witnesses upon Written Questions, scheduling a date of August 15, 2014. On July 14, 2014, Appellant issued subpoenas for all witnesses listed.

{¶4} Appellee filed a motion for summary judgment on July 25, 2014. Appellee also filed a motion to quash the subpoenas for the witnesses listed in the June 30, 2014 notice. On August 4, 2014, Appellant filed a memorandum contra the motion to quash appearance subpoenas.

**{¶5}** On August 11, 2014, the trial court imposed a deadline of August 11, 2014, for Appellant to respond to Appellee's motion for summary judgment. The trial court further granted Appellee's motion to quash the appearance subpoenas.

**{¶6}** Via Decision filed August 22, 2014, the trial court granted summary judgment in favor of Appellee. Thereafter, on August 28, 2014, the trial court dismissed Appellant's complaint. Appellant filed an appeal to this Court, which reversed and remanded the trial court's decision. *Battle v. Favreau*, Morgan App. No. 14AP0008, 2015-Ohio-585. Specifically, this Court found the trial court's August 11, 2014 entry imposing an August 11, 2014 deadline by which Appellant was to respond to Appellee's motion for summary judgment violated Appellant's due process rights. *Id.* Upon remand, the trial court issued a motion schedule, requiring Appellant to respond to Appellee's motion for summary judgment by March 20, 2015.

**{¶7}** Appellant timely filed his motion in response to Appellee's motion for summary judgment. Appellee filed a reply memorandum in support of summary judgment. Via Entry filed May 12, 2015, the trial court granted summary judgment in favor of Appellee.

**{¶8}** It is from the May 12, 2015 Entry Appellant appeals, assigning as error:

**{¶9}** "I. TRIAL COURT ERRED WHEN IT STAYED ALL PENDING DISCOVERY UNTIL APPELLEE'S MOTION FOR SUMMARY JUDGMENT WAS RESOLVED, THUS PRECLUDING APPELLANT FROM CONDUCTING ANY DISCOVERY PRIOR TO APPELLEE'S MOTION FOR SUMMARY JUDGMENT OR ANY DISCOVERY NEEDED TO APPROPRIATELY RESPOND TO APPELLE'S MOTION FOR SUMMARY JUDGMENT, VIOLATING APPELLANT'S RIGHT TO DUE PROCESS.

{¶10} "II. TRIAL COURT ERRED WHEN IT QUASHED APPELLANT'S SUBPEONAS [SIC] OF WITNESSES AND CANCELLED APPELLANT'S DEPOSITIONS OF WITNESSES UPON WRITTEN QUESTIONS TIMELY NOTICED AND SUBMITTED NINE MONTHS PRIOR TO APPELLEE'S MOTION FOR SUMMARY JUDGMENT, THUS PRECLUDING APPELLANT FROM GATHERING ANY TESTIMONY OF APPELLEE AND WITNESSES, OTHER THAN WHAT APPELLEE, A COMMON PLEAS COURT JUDGE, ENTERED AS EVIDENCE THROUGH UNCHALLENGEABLE AFFIDAVITS.

{¶11} "III. TRIAL COURT ERRED WHEN IT IMPROPERLY CONSIDERED AFFIDAVITS ATTACHED TO APPELLEE'S MOTION FOR SUMMARY JUDGMENT UNDER CIV.R. 56(C) WHEN THE AFFIDAVITS FAILED TO INCORPERATE [SIC] BY REFERENCE ANY OF THE CLAIMS FOR WHICH APPELLANT WAS SUING THEN ENFORCED ITS OWN FACTUAL CONCLUSIONS GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶12} Preliminarily, we note this case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part the following:

**(E) Determination and judgment on appeal**

The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶13} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (10th Dist.1983).

{¶14} This appeal shall be considered in accordance with the aforementioned rules.

I

{¶15} In his first assignment of error, Appellant contends the trial court erred when it stayed discovery until resolution of Appellee's motion for summary judgment. Appellant submits such action by the trial court violated his right to due process. We disagree.

{¶16} A trial court's decision to grant a stay of discovery pending the resolution of a dispositive motion is reviewed for an abuse of discretion. *Thomson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 09AP–782, 2010–Ohio–416, ¶ 32. See, also, *Briggs v. Wilcox,* 2013–Ohio–1541, 991 N.E.2d 262, ¶ 43 (discussing that the decision whether to allow a Civ.R. 56(F) motion for additional time to complete discovery to defend a motion for summary judgment is within the trial court's discretion). An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore (*1983*),* 5 Ohio St.3d 217, 219. When applying this standard of review, we may not freely substitute our judgment for that of the trial court. *In re Jane Doe I (*1991*),* 57 Ohio St.3d 135, 137–138.

{¶17} The purpose of staying discovery was to determine whether the alleged defamatory statements were made in Appellee's judicial capacity; therefore, entitling Appellee to judicial immunity. If the trial court determined judicial immunity applied, there

would be no need for additional discovery. Conversely, if judicial immunity did not apply, discovery would proceed. The issue of whether the acts complained of constitute "judicial acts" is a threshold issue that must be resolved before any legal action beyond filing suit, including discovery, is permitted. *Harlow v. Fitzgerald* (1982), 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 411. "Until this threshold immunity question is resolved, discovery should not be allowed". *Elliott v. Perez* (1985), 751 F.2d 1472, 1478.

**{¶18}** Accordingly, we find the trial court did not abuse its discretion in staying discovery.

**{¶19}** Appellant's first assignment of error is overruled.

II

**{¶20}** In his second assignment of error, Appellant maintains the trial court erred when it quashed Appellant's subpoenas of witnesses and cancelled depositions. Appellant asserts such action by the trial court precluded him from gathering evidence.

**{¶21}** We review the decision to quash a subpoena under an abuse of discretion standard. *Cunningham v. Ohio Dept. of Transp.,* 10th Dist. No. 08AP–330, 2008–Ohio–6911, ¶ 13, citing *State v. West,* 10th Dist. No. 06AP–11, 2006–Ohio–6259, ¶ 8.

**{¶22}** We overrule Appellant's second assignment of error for the same reason we overruled Appellant's first assignment of error.

III

**{¶23}** In his final assignment of error, Appellant argues the trial court erred when it improperly considered the affidavits attached to Appellee's motion for summary judgment. Appellant claims Appellee's affidavits in support of summary judgment failed to incorporate by reference any of the claims upon which Appellant was suing Appellee.

{¶24} We have reviewed the affidavits and find the information contained therein addresses the threshold issue of whether Appellee was acting in his judicial capacity. As such, we find the trial court did not err in considering these affidavits.

{¶25} Appellant's third assignment of error is overruled.

{¶26} The judgment of the Morgan County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur