[Cite as *State v. Summers*, 2020-Ohio-741.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 CA 00041 |
| BOBBY J. SUMMERS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:         Criminal Appeal from the Municipal Court,
                                 19 TRC 2012


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          March 2, 2020


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

JOSEPH M. SABO                           MICHAEL S. COX, JR.
ASSISTANT PROSECUTOR                     BURKETT & SANDERSON
136 West Main Street, Suite 101          738 East Main Street
Lancaster, Ohio  43130                   Lancaster, Ohio  43130

*Wise, John, J.*

{¶1}   Appellant Bobby J. Summers appeals his sentence and conviction on one count of Operating a Vehicle Under the Influence entered in the Fairfield County Municipal Court following a no contest plea.

{¶2}   Appellee is State of Ohio.

{¶3}   Preliminarily, we note this case is before this Court on the accelerated calendar which is governed by App.R. 11.1. Subsection (E), determination and judgment on appeal, provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

{¶4}   One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

{¶5}   This appeal shall be considered in accordance with the aforementioned rules.

## STATEMENT OF THE FACTS AND CASE

{¶6}   The facts and procedural history are as follows:

{¶7}   On March 9, 2019, in Fairfield County, Ohio, Trooper Muck with the Ohio State Highway Patrol observed a vehicle driving erratically. (T. at 6). According to Trooper Muck, the vehicle stopped suddenly at a red light and backed up in the roadway. *Id.* At that point, Trooper Muck initiated a traffic stop on the vehicle and made contact with the

driver, who was later identified as Appellant Bobby J. Summers. *Id.* Based on the observation of the odor of marijuana and alcohol coming from the vehicle, Appellant's admission to consuming two beers in Columbus, and Appellant's red, bloodshot, and glassy eyes, Trooper Muck had Appellant exit the vehicle to perform field sobriety tests. *Id.* at 6-7.

{¶8} While performing field sobriety tests on Appellant, Trooper Muck observed six out of six clues on the HGN test, three out of eight clues on the walk and turn test, and one out of four clues on the one-leg stand test. *Id.* at 7. Appellant was subsequently placed under arrest for Operating a Motor Vehicle Under the Influence of Alcohol or Drugs (hereinafter "OVI"). *Id.* Appellant submitted to a breath test, which revealed a .10 blood alcohol content. *Id.*

{¶9} Appellant was charged with OVI under R.C. §4511.19(A)(1)(a) and R.C. §4511.19(A)(1)(d), a third offense within ten years. Id.

{¶10} On August 1, 2019, Appellant entered a plea of no contest to the charge of OVI under R.C. §4511.19(A)(1)(a), and the trial court found him guilty based on the recitation of the above facts by the Appellee.

{¶11} In determining whether the violation constituted a third offense within ten years, the State set forth that Appellant was previously arrested and charged with OVI on January 31, 2012, in Case No. TRC 12108596, and again on March 7, 2012, in Case No. TRC 12124316. Id. Appellant was convicted on those two separate OVI charges on June 25, 2012, in Franklin County Municipal Court. *Id.* at 7-8.

{¶12} Appellant did not dispute the facts of the case as recited by the State. *Id.* at 8. Rather, Appellant argued that the instant offense, in TRC 1902012, should be classified

as a second offense within ten years due to Appellant's prior two OVI convictions occurring simultaneously on June 25, 2012. *Id.* at 8-9. After hearing the arguments from both parties, the trial court found the instant offense in TRC 1902012 to constitute a third offense within ten years. *Id.* at 9.

**{¶13}** The trial court then sentenced Appellant to a minimum fine of Eight Hundred and Fifty ($850.00) Dollars, with a two year Ohio operator's license suspension back-dated to March 9, 2019, as well as a thirty (30) day jail sentence to run concurrently with a contemporaneous felony conviction. The trial court declined to place Appellant on Community Control Supervision based on his current supervision through the Fairfield County Common Pleas Court. (Sentencing Entry TRC 19-02012, filed August 1, 2019; Sent. T. at 6-13).

**{¶14}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶15}** "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THAT AT THE TIME OF SENTENCING THE DEFENDANT-APPELLANT HAD COMMITTED TWO PRIOR OPERATING A VEHICLE UNDER THE INFLUENCE VIOLATIONS IN TEN YEARS."

### I.

**{¶16}** In his sole assignment of error, Appellant argues the trial court erred in finding that Appellant had committed two prior OVI violations. We disagree.

**{¶17}** Appellant herein was convicted of an unclassified misdemeanor OVI, in violation of R.C. §4511.19(A)(1)(a). The trial court imposed a mandatory jail sentence of 30 days, citing R.C. §4511.19(G)(1)(c), which states in pertinent part:

{¶18}  R.C. §4511.19 provides:

***

(G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. Whoever violates division (A)(1)(j) of this section is guilty of operating a vehicle while under the influence of a listed controlled substance or a listed metabolite of a controlled substance. The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:

***

(c) Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within ten years of the offense, previously has been convicted of or pleaded guilty to two violations of division (A) or (B) of this section or other equivalent offenses is guilty of a misdemeanor. …

(i) If the sentence is being imposed for a violation of division (A)(1)(a) * * *, a mandatory jail term of thirty consecutive days. * * * The court may impose a jail term in addition to the thirty-day mandatory jail term. Notwithstanding the jail terms set forth in sections 2929.21 to 2929.28 of the revised code, the additional jail term shall not exceed one year, and the cumulative jail term imposed for the offense shall not exceed one year.

{¶19}  In accordance, the cited provision requires a mandatory 30-day jail term for offenders with two prior OVI convictions within the last ten years.

**{¶20}** Upon review, we find no ambiguity in the statute and no merit in Appellant's argument that his two prior convictions should be treated as one conviction because he was sentenced on both cases during the same sentencing hearing.

**{¶21}** In the present case, evidence was presented that Appellant had previously been convicted of two prior violations of R.C. §4511.19 and that both of those convictions occurred within ten years of the current offense. Said prior convictions were separate and distinct incidents occurring on January 31, 2012, and March 7, 2012, and charged under separate case numbers, TRC 121108596 and TRC 12124317, respectively. While, Appellant was convicted and sentenced on both of these offenses on June 25, 2012, said offenses remained separate, distinct convictions.

**{¶22}** Based on the foregoing, we find no error in the trial court's sentence in this matter.

**{¶23}** The judgment of the Municipal Court of Fairfield County, Ohio, is affirmed.

By: Wise, John, J.

Hoffman, P. J., and

Wise, Earle, J., concur.


.

JWW/d 0224